340

## WEST HILL COLONY, INC., Plaintiff-Appellee, v. SAUERWEIN et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23818.   Decided November 28, 1956.

Marshman, Hollington & Steadman, Richard Hollington & Edward Crouch, of Counsel, for plaintiff-appellee.

Merkel, Campbell, Dill & Zetzer, for defendants-appellants.

**OPINION**

By SKEEL, J:

This appeal comes to this Court on questions of law and fact from a judgment and decree for the plaintiff entered by the Common Pleas Court of Cuyahoga County. The plaintiff's petition seeks a mandatory order directing the defendants to paint their residence which is located in plaintiff's Community No. 2 and 3, white to comply with restrictions applicable to sublots in the community, or, in the alternative, to direct specific performance of an agreement between plaintiff and defendants to paint said house white.

The plaintiff, a corporation, is the developer of a residential community at the northeast corner of Shaker Boulevard and Lander Road in Pepper Pike Village, Cuyahoga County. The plaintiff purchased between 85 and 100 acres of undeveloped land from Union Properties, Inc., located at that corner in 1939. Union Properties, Inc. acquired title from The Van Sweringen Company. The deed from The Van Sweringen Company to Union Properties, Inc., contained many restrictions, among which was the following:

"3. No building or structures or any additions thereto, or any alterations thereof, shall be erected, reconstructed, placed or suffered to remain on said premises, unless or until the architecture, size, location, type, cost, use, construction, materials, color scheme, grading, landscaping, lot plan, grade elevation and plot plan showing the proposed location of said buildings and structures upon said premises, and the plans, specifications and details of said buildings and structures shall have been approved in writing by the Grantor, and a true copy of said plans, specifications and details shall have been lodged permanently with the Grantor, and no buildings or structures, except such as conform to said plans, specifications and details shall be erected, reconstructed or suffered to remain upon said premises."

This restriction, together with many others, was carried into the deed from Union Properties, Inc. to this plaintiff, West Colony, Inc. In 1946, the plaintiff sold defendants sublot No. 45 in its "Community No. 2 and No. 3" by warranty deed, which contained the following stipulation:

"Same being subject to all of the restrictions contained in a deed from Union Properties, Inc. to West Hill Colony, Inc. dated June 23, 1939, and recorded in Volume 4971, page 227 of the records of the Recorder of Cuyahoga County, Ohio."

Since 1939 every purchaser of a lot in plaintiff's development, known as West Hill Colony, was issued a share of stock in the company and thus participated or had the right to participate in the affairs of the company as a stockholder. At the beginning of the development in 1939, the board of directors of plaintiff adopted a resolution that all houses in the community would be of Colonial or Western Reserve type architecture and would be painted white. An architectural committee was appointed to supervise the regulation thus adopted and, although the membership of such committee changed from time to time, it has continued to carry out its purposes under the restrictions or general plan of development applicable to all lot owners. The defendants in 1940 became lot owners

and built a house complying with restrictions in West Hill Colony, and Val E. Sauerwein was then issued a share of stock. At the time this petition was filed, he was still the owner of this share of stock.

After purchasing lot No. 45 in Community No. 2 and No. 3 from the plaintiff on April 25, 1946, the defendants presented plans to the plaintiff's architectural committee (thus showing their knowledge of the regulations) which the committee refused to approve until the defendants agreed to paint the house white. The defendants at first tried to avoid the requirements of painting the house white because the outside walls of the house were to be of brick construction. But on October 26, 1949, the defendants entered into an agreement with plaintiff to paint the brick exterior (excluding chimney) in accordance with the restrictions of their deed and the rules and policy of plaintiff as supervised through its architectural committee. This agreement was evidenced by the following writing on the plans of defendants' proposed house then to be built on Sublot No. 45 and signed by Val E. Sauerwein:

"Shingles to be asphalt of 300 lbs. per square block. All exterior brick except chimney to be painted.

(Signed:)     V. E. Sauerwein 10-26-49."

Upon concluding such agreement, the plaintiff approved the building plans of defendants, and the defendants were enabled to get a permit to build, which was issued to them by the Village of Pepper Pike. The defendants proceeded to and did build the house on Sublot No. 45, but upon its completion and ever since, although requested many times so to do, have refused and still refuse to paint the exterior of the house white as required by the restrictions and as defendants promised to do in order to be accorded the privilege of building the house in West Hill Colony.

At the outset, it must be stated that the defendant, Dorothy D. Sauerwein, is charged and bound by the acts and agreements of her husband, the defendant, Val E. Sauerwein, with regard to the building of their home when the lot was placed by the act of the parties in the wife's name. The evidence shows that the defendant husband conducted negotiations for the privilege of improving his wife's lot by building a home thereon. A wife, as a member of the family, does not live in a vacuum completely oblivious of family negotiations, promises and the need to be responsible for carrying out family projects. Sec. 1311.10 R. C., provides, among other things, that where a married woman is the owner of land upon which a house is being built or repaired under a contract with the husband of such woman and without her express objection, he is the authorized agent of his wife therein. This section, while not directly in point, certainly expresses the theory of the law of this state where a husband contracts for the improvement of his wife's property with her knowledge, she is bound by his agreements. The claim that Mrs. Sauerwein is not bound by what her husband did to secure a permit to build a home for the family on a lot held in her name is without merit and will be completely disregarded.

The evidence shows that West Hill Colony community upon its organization determined on a plan for its uniform development. An

architectural committee was created and as shown by the minutes of directors' meetings, it was determined that the type of residences should be "Western Reserve or Colonial" in character and painted white

Under the restrictions in defendants' deed, the grantor was given the right to require approval of the architecture, size, location, type, cost, use, construction, materials, color scheme, landscaping, lot plan and grade elevation of a house built in plaintiff's community. The use of the lot was also subject to the right of the grantor to fix by resolution the type of house and color scheme to be used in the development of defendants' property. The defendants were fully informed as to the requirements and restrictions of the West Hill Colony Development and were bound to comply therewith unless the requirements were not sufficiently defined or were unreasonable and arbitrary. The evidence shows that the plaintiff's community has been built up by many individual lot owners in complete compliance with the plan as formulated by plaintiff resulting in benefit to all. The fact that all owners, with but two or three exceptions, including these defendants, have fully complied with the plaintiff's plan of development is irrefutable evidence that the plan was sufficiently definite and reasonable. In the case of **Dixon v. Van Sweringen, 121 Oh St 56, 166 N. E. 887,** the Supreme Court, in dealing with the right of a community builder to require a lot purchaser in its subdivision to improve his property under the provisions of a plan looking to harmonious development said:

"1. Where an owner of land has adopted a general building scheme or plan for the development of a tract of property, designed to make it more attractive for residential purposes by reason of certain restrictive agreements to be imposed upon each of the separate lots sold, embodying the same in each deed, such agreements will generally be upheld, provided the same are not against public policy.

"2. In order that restrictive agreements in a deed may be declared void as against public policy, the same must violate some statute, or be contrary to judicial decision, or against public health, morals, safety or welfare, or in some form be injurious to the public good."

The restrictions here insisted upon by the plaintiff are for the general benefit of all the home owners in the community. **Wallace v. Clifton Land Co., 92 Oh St 349, 110 N. E. 940.** The defendants here have no standing in a court of equity in attempting to disregard reasonable requirements imposed on them by the restrictions of the deed to maintain the harmonious and aesthetic character of the residence community in which their home is situated and must conform to such community plan.

As indicated herein, not only do the restrictions of defendants' deed, as directed by the architectural committee of the grantor plaintiff, require compliance therewith but in addition the defendants bound themselves by contract to paint their house white. The facts upon which this part of the case is based are fully set forth above in the statement of facts. The contract was made by the plaintiff on its own behalf and on behalf of all other home owners in the community to require uniformity in the development of the color scheme of the allotment. That such agreement was supported by adequate consideration cannot be the subject of doubt.

There could be no adequate remedy at law that could be instituted for a breach of this agreement so that resort to an action in specific performance is clearly available to the plaintiff. The defendants are legally bound to perform their promise to paint their residence white to conform with all others about them in consideration of the privilege granted them to build in this restricted community, and the court will, therefore, direct them to do by its decree.

For the foregoing reasons, a decree will be entered for the plaintiff as prayed for. Exceptions. Order see journal.

KOVACHY, PJ, HURD, J, concur.