THE STATE, EX REL. HOLDRIDGE, APPELLEE and CROSS-APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS and CROSS-APPELLEES.

(No. 40443—Decided July 19, 1967.)

*Messrs. Cobourn, Yager, Smith & Falvey, Mr. Fred A. Smith* and *Miss Beatrice K. Bleicher,* for appellee and cross-appellant.

*Mr. William B. Saxbe,* attorney general and *Mr. Donald M. Colasurd,* for appellants and cross-appellees.

HERBERT, J.   The compensation of a workman injured in the course of his employment, or compensation to his dependents in the event of his death, is governed by statute.   Frequently, such statutes are repealed or repealed and re-enacted as amended.   A statute may be substantive or remedial (procedural) or substantive in part and remedial in part.

In the case at bar, it is necessary to examine two statutes—first, Section 1465.81 of the General Code of Ohio, effective at the time of relator's injury, and, second, Section 4123.58 of the Revised Code which is the amended re-enactment of the first statute.   The question presented is which of the two statutes, Section 1465-81 of the General Code (now repealed) or Section 4123.58 of the Revised Code, is controlling in the case at bar?

Section 1465-81 of the General Code provided that:

"In cases of permanent total disability, the award *shall be* sixty-six and two-thirds per cent of the average weekly wages, *and shall continue until the death of such person so totally disabled,* but not to exceed a maximum of twenty-one dollars per week and not less than a minimum of ten dollars per week at the time of the injury, in which event he shall receive compensation in an amount equal to his average weekly wages.

"*The loss of* both hands or both arms, or both feet or both legs, or *both eyes,* or of any two thereof, *shall prima facie* con-

stitute total and permanent disability, to be compensated according to the provisions of this section." (Emphasis added.)

Section 4123.58 of the Revised Code, effective in 1959, amended the former statute to read as follows:

"In cases of permanent total disability, *the employee shall receive an award to continue until his death* in the amount of sixty-six and two-thirds per cent of his average weekly wage, but not more than forty-nine dollars per week nor not less than a minimum of forty dollars and twenty-five cents per week, unless the employee's average weekly wage is less than forty dollars and twenty-five cents per week at the time of the injury, in which event he shall receive compensation in an amount equal to his average weekly wage.

"*The loss of* both hands or both arms, or both feet or both legs, or *both eyes,* or of any two thereof, *constitutes total and permanent disability,* to be compensated according to *this section.*" (Emphasis added.)

It is doubtful if a perfect definition of "substantive law" or "procedural or remedial law" could be devised. However, the authorities agree that, in general terms, substantive law is that which creates duties, rights, and obligations, while procedural or remedial law prescribes methods of enforcement of rights or obtaining redress. *State* v. *Elmore,* 179 La. 1058, 155 So. 896; *Manuel* v. *Carolina Casualty Ins. Co.* (La. App.), 136 So. 2d 275, 277; 40 Words and Phrases (Perm. Ed.), 857.

Each of the two statutes defines the loss of both eyes as a permanent and total disability. This is substantive law. Such a disability imposes a duty or obligation upon the employer under the law of Ohio to meet and overcome the prima facie evidence of total and permanent disability. The employer failed to overcome and, so far as we can determine from the record, did not endeavor to overcome the presumption of total disability. The Industrial Commission apparently recognized that the relator suffered a permanent and total disability and allowed compensation under both statutes. It follows, therefore, that since the prima facie proof factor concerned only the manner of arriving at a fact conclusion, upon which the substantive law would operate, it was itself procedural or remedial rather than substantive.

The removal of the prima facie proof factor leaves the relator with an unconditional right to receive compensation *"according to this section"* "* * * until his death."  This, the Industrial Commission conceded, when it recognized and allowed compensation under the provisions of the statute of 1959. (Section 4123.58 of the Revised Code.)

The Industrial Commission asked the Attorney General for an official opinion upon the questions raised by the status of the relator.  On April 2, 1965, the Attorney General submitted his opinion in a memorandum to the Industrial Commission.

After stating the facts and quoting the sections of the statutes as hereinbefore set out, the Attorney General continued:

"It is well settled that laws of a remedial nature providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of such laws.  *State, ex rel. Slaughter,* v. *Industrial Commission,* 132 Ohio St. 537; *State, ex rel. Michaels,* v. *Industrial Commission,* 165 Ohio St. 599, 604, 605, 138 N. E. 2d 403."

In *State, ex rel. Slaughter,* v. *Industrial Commission* (132 Ohio St. 537), the court stated:

" 'While Section 28, Article II, of the Ohio Constitution, denies to the General Assembly the power to pass retroactive laws, it has often been decided such inhibition has reference only to laws which create and define substantive rights, and has no reference to remedial legislation.  A fundamental distinction exists between a law changing accrued rights and a law which changes the remedy for the enforcement of those rights.  *Smith* v. *N. Y. Central Rd. Co.,* 122 Ohio St. 45, 48, 170 N. E. 637; 8 Ohio Jurisprudence 563, Section 428; 37 Ohio Jurisprudence 817, Section 497.' "

The Attorney General continued:

"A presumption is a procedural matter, as is stated in *In 're Breece,* 173 Ohio St. 542, 554, 555:

" 'In the case of *Ayres* v. *Woodward, Sheriff* (1957), 166 Ohio St. 138, the third paragraph of the syllabus reads, in part, as follows:

" " "3. A presumption is a procedural device which is resorted to only in the absence of evidence by the party in whose favor a presumption would otherwise operate * * *." ' "

The Attorney General stated in his conclusion, the following:

"The 1959 amendment to Section 4123.58, Revised Code, deleted 'prima facie' from its wording and made the loss of both eyes a conclusive presumption of permanent total disability. Prior to the 1959 amendment, Mr. Holdridge's total blindness was presumed to be permanent and total disability only so long as such presumption was not rebutted. Subsequent to the amendment, total blindness was conclusively considered to be permanent and total disability, without the possibility of rebuttal. The removal of 'rebuttableness' was a procedural change, going not to the right to receive compensation but to the procedure whereby it was determined. Any procedure initiated after 1959 to rebut the presumption of permanent and total disability in this case would be in violation of the law.

"Furthermore, the Legislature or the Industrial Commission did not enter into a contract with Mr. Holdridge in 1947, but merely applied the existing law to the facts. It must do the same under the present law.

"Therefore, it is my opinion that Mr. Holdridge is entitled to, and since 1959, has been entitled to compensation as a permanently and totally disabled workman."

Section 4123.95 of the Revised Code, reads:

"Sections 4123.01 to 4123.94, inclusive [Workmen's Compensation Act] of the Revised Code shall be liberally construed *in favor of employees and the dependents of deceased employees.*" (Emphasis added.)

The repeal of Section 1465-81 of the General Code, and its re-enactment as amended in 1959, as Section 4123.58 of the Revised Code, applies to remedial as well as substantive law.

Therefore Section 1.20 of the Revised Code is applicable. Its pertinent part is in this language:

"* * * When the repeal or amendment relates to the remedy, it does not affect pending actions, prosecutions or proceedings, *unless so expressed* * * *." (Emphasis added.)

The repealing and amending act, Section 4123.58 of the Revised Code, *supra,* provides for payment of compensation for total permanent disability "until death" and that claimant "be compensated according to this section."

One member of the court has cast some doubt upon the doctrine outlined in this opinion by reason of the holding in *Industrial Commission* v. *Kamrath,* 118 Ohio St. 1. Its syllabus reads:

"1. The rights of injured employees and the dependents of killed employees to participate in the State Insurance Fund are such, and such only, as are conferred by statutory law.

"2. The provisions of the General Code relating to compensation of injured employees or the dependents of killed employees in force at the time the cause of action accrues are the measure of the right of such employees and dependents to participate in the State Insurance Fund.

"3. The cause of action of an injured employee accrues at the time he receives an injury in the course of his employment.

"4. The cause of action of a dependent of a killed employee accrues at the time the employee dies from an injury received in the course of his employment."

This principle was set out and followed in *State, ex rel. Schmersal,* v. *Industrial Commission,* 142 Ohio St. 477.

*Kamrath* was good law when it was written, but Judge Robinson, speaking for the court, forecast in its opinion, at page 7, that the Workmen's Compensation Act was in the development stage and that future legislative enactments would tend to make its operation and enforcement more just.

The General Assembly, in 1959, recognizing the ravaging and cruel effects of inflation and the diminishing value of the dollar particularly to injured workmen and the dependents of those killed in the course of their employment, enacted, in *express language,* as required by Section 1.20 of the Revised Code, *supra,* Section 4123.571 of the Revised Code which provides that:

"In connection with the procedural and remedial rights of employees, all claims which have accrued prior to the effective date of this act, whether or not an application for a claim had been filed, or whether or not jurisdiction has been established or whether or not an application for an award under divisions (A), (B), (C), or (D) of Section 4123.57 of the Revised Code has been filed shall be governed by the provisions of 4123.57 of the Revised Code, as amended by this act."

Hence, relator is entitled to compensation in accordance with

182

the provision of Section 4123.58 of the Revised Code, as amended in 1959, and such participation should be reinstated as of August 4, 1964, being the date when the Industrial Commission terminated his compensation, and to continue until his death.

The judgment of the Court of Appeals should be, and hereby is, affirmed, and the right of this totally disabled man to participate in the State Insurance Fund should be recognized forthwith.

*Judgment affirmed.*

ZIMMERMAN, MATTHIAS, O'NEILL, SCHNEIDER and BROWN, JJ., concur.