120

DAYTON SASH & DOOR CO., APPELLANT, *v.* KOSYDAR, TAX
COMMR., APPELLEE.

(No. 73-384—Decided December 5, 1973.)

*Messrs. Cohen, Todd, Kite & Spiegel* and *Mr. James Q. Doran,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Will Kuhlmann,* for appellee.

*Per Curiam.* This court must decide whether the Board of Tax Appeals acted reasonably and lawfully in deciding that appellant failed to carry its burden of establishing the tax-exempt nature of the questioned sales. The uncontroverted record demonstrates conclusively that it did so act, and we therefore affirm the decision of the board.

R. C. 5739.02 states, in pertinent part:

"* * * it is presumed that all sales made in this state are subject to the tax until the contrary is established."

R. C. 5739.03 requires a vendor to collect, as trustee for the state, the tax charged on each sale. However, he

can escape that liability in the manner outlined in R. C. 5739.03(B), as follows:

"If any sale is claimed to be exempt under division (E) of Section 5739.01 of the Revised Code or under Section 5739.02 of the Revised Code, with the exception of divisions (B) (1) to (B) (11), inclusive, of Section 5739.02, *the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax.* If the transaction is claimed to be exempt under division (B) (13) of Section 5739.02 of the Revised Code, the exemption certificate shall be signed by both the contractor and his contractee and such contractee shall be deemed to be the consumer of all items purchased under such claim of exemption in the event it is subsequently determined that the exemption is not properly claimed. The certificate shall be in such form as the tax commissioner by regulation prescribes. If no certificate is furnished or obtained within the period for filing the return for the period in which such sale is consummated, it shall be presumed that the tax applies. *The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply. \* \* \*"* (Emphasis added.)

Thus, a vendor who fails to obtain an exemption certificate from the consumer is allowed an additional opportunity to establish the tax-exempt nature of sales within 60 days of giving of notice by the Tax Commissioner of his intention to levy an assessment.

This court has consistently held that statutes granting an exemption from a tax are to be strictly construed, and that one claiming an exemption must affirmatively establish his right thereto. *National Tube* v. *Glander* (1952), 157 Ohio St. 407; *Goldman* v. *Bentley Post* (1952), 158 Ohio St. 205; *Wallover Oil Co.* v. *Ohio Water Pollution Control Bd.* (1972), 32 Ohio St. 2d 233.

It is admitted by appellant that as to sales made to A & D Building Materials, which sales generated the only part of the tax assessment challenged, no exemption certificate was produced within the 60-day period following the giving of notice of the intended assessment on February 21, 1971. Therefore, those sales were taxable, and the tax on such sales was properly assessed. Under the mandatory provisions of R. C. 5739.03(B), the burden is on the vendor to establish his right to sales tax exemption.

In this case, appellant failed to carry its burden of affirmatively establishing its right to exemption from sales taxes, and, under the clear language of the statute, it can not shift that burden to the Tax Commissioner.

Therefore, the decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J, HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.