THE UNION METAL MFG. CO., APPELLEE, *v.* KOSYDAR, TAX COMMR., APPELLANT.

(No. 73-582—Decided April 24, 1974.)

54

*Messrs. Black, McCuskey, Souers & Arbaugh* and *Mr. Charles J. Tyburski,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mrs. Maryann B. Gall,* for appellant.

STERN, J. We face here a question left open by our recent decision in *Dayton Sash & Door Co.* v. *Kosydar* (1973), 36 Ohio St. 2d 120, 304 N. E. 2d 388, *i. e.*, whether exemption certificates and other equivalent verification, obtained within the 60-day period prescribed by R. C. 5739.03, are sufficient to establish the exempt status of sales questioned by a 60-day letter.

R. C. 5739.03, as applicable, provides:

"If any sale is claimed to be exempt under division (E) of Section 5739.01 of the Revised Code or under Section 5739.02 of the Revised Code, with the exception of divisions (B) (1) to (B) (11), inclusive, of Section 5739.02, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax. * * * If no certificate is furnished or obtained within the period for filing the return for the period in which such sale is consummated, it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply."

Appellee argues, in effect, that evidence obtained during the 60-day period following receipt of the commissioner's notice of intent need be no more probative than that contained in an exemption certificate. We disagree.

R. C. 5739.03 clearly requires a vendor to obtain, subject to certain exceptions not applicable herein, an exemption certificate "within the period for filing the return for the period in which such sale is consummated." If an exemption certificate is not timely procured, it is presumed that the sale is taxable. Although the statute provides a 60-day grace period within which a vendor may establish the exempt status of his sale, it should be emphasized that the vendor, at that point, must produce evidence sufficient to overcome the statutory presumption of taxability, which is specifically reiterated in R. C. 5739.03.

None of the documents proffered by appellee contains more than bare conclusions that the questioned transactions involve sales falling within some specific exemptions.[2] Standing alone, a statement by a vendee that an item was purchased for use in manufacturng is insufficient to overcome the presumption of taxability. The burden is upon the vendor to affirmatively establish his right to a claim of exemption. *Dayton Sash & Door Co., supra,* at page 122, and cases cited therein.

Absent specific evidence[3] as to the use of the items involved in the questioned transactions, the commissioner was justified in disallowing appellee's exemption claims.

The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT and CELEBREZZE, JJ., concur.
CORRIGAN, W. BROWN and P. BROWN, JJ., concur in the judgment.

---

[2]After receiving the commissioner's 60-day letter, appellee wrote to the vendees in the transactions in question, and asked for verification that the products involved were purchased for tax-exempt purposes. Some vendees responded by sending Ohio exemption certificates. Others sent brief responses which conveyed no more information than might have been gleaned from an exemption certificate.

[3]The commissioner, in his brief, suggests that "a creative taxpayer could submit affidavits, depositions, photographs, or even videotapes of the property to establish that the property is used in an exempt fashion."