150

AMERICAN HANDLING EQUIPMENT CO., APPELLANT, *v.*
KOSYDAR, TAX COMMR., APPELLEE.

[Cite as American Handling Equipment Co.
v. Kosydar (1975), 42 Ohio St. 2d 150.]

(No. 74-545—Decided April 23, 1975.)

*McDonald, Hopkins & Hardy Co.,* *L. P. A.,* and *Mr. H. Guy Hardy,* for appellant.

*Mr. William J. Brown,* attorney general and *Mr. Michael J. Loughman,* for appellee.

*Per Curiam.* Appellant contends that the Tax Commissioner's letter, given before an audit and without specification of claimed deficiencies, is not proper notice to start the running of the 60-day period within R. C. 5739.03. That section, in pertinent part, provides:

"If any sale is claimed to be exempt * * * the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax. * * * If no certificate is furnished or obtained within the period for filing

the return for the period in which such sale is consummated, it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply.''

This court has often stated that statutory exemptions from a tax must be strictly construed, and one claiming an exemption must affirmatively establish his right thereto. *National Tube Co.* v. *Glander* (1952), 157 Ohio St. 407, 105 N. E. 2d 648; *Goldman* v. *Robert E. Bentley Post No. 50* (1952), 158 Ohio St. 205, 107 N. E. 2d 528; *Canton Malleable Iron Co.* v. *Porterfield* (1972), 30 Ohio St. 2d 163, 283 N. E. 2d 434. It is evident from a literal reading of R. C. 5739.03, that the notice of an intention to levy an assessment may be given before an audit has been completed.

Appellant also urges that the letter in the present case was not proper notice because it did not specifically state what the deficiencies were. It is argued that the company could not, from the notice, ascertain what exemption certificates the agent found to be missing. In *Union Metal Mfg. Co.* v. *Kosydar* (1974), 38 Ohio St. 2d 53, 310 N. E. 2d 249, it is noted that a taxpayer has the burden of affirmatively establishing sales tax exemption by obtaining the necessary exemption certificates. Once such certificates are not timely furnished or obtained, it is presumed that the sales are taxable. R. C. 5739.03. If the taxpayer fails to meet the statutory obligations concerning the certificates, he is allowed the 60-day period to obtain ''letters of usage'' establishing exception from the tax. In that context, it is the taxpayer who is in a position to know from which customers he has failed to obtain the proper exemption certificates. Furthermore, the record reflects the fact that appellant did procure many ''letters of usage'' from other customers before the end of the 60-day period.

We are aware of the erroneous statements alleged to have been made by appellee's agent, which may have play-

ed a part in appellant's failure to get all of the "letters of usage" within the time prescribed by R. C. 5739.03. As a general rule, however, the principle of estoppel does not apply against the state with regard to a taxing statute. *Recording Devices* v. *Bowers* (1963), 174 Ohio St. 518, 190 N. E. 2d 258; *Interstate Motor Freight System* v. *Donahue* (1966), 8 Ohio St. 2d 19, 221 N. E. 2d 711.

The duty imposed upon a taxpayer who neglects to obtain exemption certificates is clear; 60 days is provided, from the notice of intention to levy an assessment, to overcome the presumption that the tax applies. This was unambiguously expressed in the letter of March 3, 1972, and appellant's failure to obtain the "letters of usage" within the 60-day period stems from its disregard of the specific mandates of that letter and R. C. 5739.03.

The decision of the Board of Tax Appeals is affirmed.

*Decision affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

CORRIGAN, J., dissenting. This is a case in which the Tax Commissioner levied an assessment for sales taxes of an amount in excess of $6,000 against the taxpayer, when, in truth and in fact, in the first instance no such tax was rightfully due to the state under the sales tax laws.

It is undisputed that the sales in question were exempt from the tax. However, in connection with such exemptions, the vendor should obtain from the consumer certain exemption certificates. If the vendor fails to obtain exemption certificates from the consumer, an additional opportunity is provided to establish the tax exempt nature of the sales under R. C. 5739.03. The pertinent subsection of that statute reads:

"(B) * * *

"If any sale is claimed to be exempt under division

(E) of Section 5739.01 of the Revised Code or under Section 5739.02 of the Revised Code, with the exception of divisions B(1) to B(11), inclusive, of Section 5739.02, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax. * * * The certificate shall be in such form as the Tax Commissioner by regulation prescribes. If no certificate is furnished or obtained within the period for filing the return for the period in which such sale is consummated, it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply."

The single contention of the taxpayer in this appeal is that the notice given by the Tax Commissioner herein, prior to the conducting of an audit, of intention to levy an assessment is not a valid notice under the statute to start the running of the 60-day period.

*I.*

It might be appropriate to observe at this point that simplicity has never been the dominant factor of tax legislation. No other branch of the law touches human activities at so many points. Of course, it cannot be made simple, but we can try to avoid making it needlessly complex. As Justice Cardozo said in his dissenting opinion in *Stewart Dry Goods Co.* v. *Lewis* (1935), 294 U. S. 550, 576: "* * * Elaborate machinery, designed to bring about a perfect equilibrium between benefit and burden, may at times defeat its aim through its own elaboration."

Too, the fact is perennially present that the executive branch of state government must continuously be appeased with more cash flow which can only come from taxes. The Tax Commissioner is the teaser under the sales tax laws. He must assess, pursuant to legislative enactment, and seemingly incite the taxpayer by persistent actions

of enlargement of scope of assessment. The behavior pattern is constant. The taxpayer is teased, the taxpayer is squeezed, and the taxspenders are appeased. But the appetite of the appeased is insatiable. Apart from the fact that solicitude for the revenue is a plausible but treacherous basis upon which to decide a particular tax assessment, auspiciously, such an appetite is subject to all constitutional restraints.

## II.

Taxpayer argues forcefully, and with a degree of persuasion, that constitutional due process, rules of statutory construction and principles of fairness require that notice called for by R. C. 5739.03 include any claimed tax deficiencies so that the taxpayer may present its defense.

Upon analyzing R. C. Chapter 5739, it seems clear that the sales tax is imposed on individual sales transactions. R. C. 5739.02 provides that:

"* * * an excise tax is hereby levied on *each* retail sale made in this state.

"* * *

"The tax applies and is collectible when *the sale* is made * * *." (Emphasis added.)

R. C. 5739.03 speaks of "the full and exact amount of the tax payable on *each* taxable sale * * *." R. C. 5739.03(A) refers to the price for "the thing sold." In subsection (B) thereof it is provided that "[s]*uch sale* shall be reported on and the amount of the tax applicable thereto shall be remitted with the return for the period in which *the sale* is made * * *." The next paragraph begins: "If any sale" and continues to "the return for the period in which *such sale* is consummated * * *." The sentence covering the 60-day notice again refers to "the sale." (Emphasis added.)

It seems apparent that the terminology of the chapter refers in each instance to the imposition of a tax on the individual transaction and not to some tax that may be asserted in gross.

This conclusion finds support in the provisions of

R. C. 5739.13, dealing with the making of an assessment. The last sentence in the first paragraph thereof provides that "[t]he Tax Commissioner may make an assessment against such vendor upon any information in his possession." The last sentence of the second paragraph provides that "[t]he commissioner may make an assessment against either the vendor or consumer, as the facts may require, based upon any information in his possession." In the fourth paragraph, the first sentence provides: "In each case the commissioner shall give to the person assessed written notice of such assessment." Thus, under R. C. 5739.13, the assessment must be predicated on actual information. Under the language of the statute, and in actual practice, this means that there has, in fact, been an audit before the assessment is made. This conclusion is buttressed by the fact that jeopardy assessments are provided for separately under R. C. 5739.15. It is incongruous for the Tax Commissioner to interpret the statute to mean that he can give notice of intent to levy an assessment before he has any information upon which to predicate the conclusion that there will, in fact, be an assessment. Undoubtedly, as here, under the present procedure, notice by ST 850-7 is given when, in fact, there is never any levy of assessment because there is no tax due. Since the notice of assessment, itself, must specify the transactions upon which the Tax Commissioner levies an assessment, why then should we have an interpretation of the section providing for a notice of intent to levy an assessment which does not require a specification of the individual transactions, and thus afford the vendor or consumer, as the case may be, the opportunity to establish whether the intent to levy an assessment in a particular transaction is well founded.

Giving notice of intention to levy an assessment before the audit is made denies the taxpayer the right to know what the tax agent finds missing and the opportunity to establish that, in fact, no tax is due. Such "notice" is not notice at all, but rather a meaningless administrative pre-

tense at compliance with the statutory requirement. If the taxpayer is foreclosed at the end of 60 days, before the agent has made any investigation to determine what specific transactions may be subject to tax, then the taxpayer is, in fact, being deprived of due process of law because he is being denied the opportunity to present his explanation after a specific claim is made against him.

The General Assembly intended the sales tax statute to be a taxing statute. As the commissioner is using it, it has become a penalty statute, and, as in this case, it is being used in a manner to exact money never rightfully owed, simply because the Tax Commissioner does not give the taxpayer a fair opportunity to defend against specific claims. Since the sales tax is based on specific sales, the claimed deficiency should be specific so that there can be a defense against claims on a specific basis. It is completely illogical to interpret the statute to permit the Tax Commissioner to give a notice of intent to levy an assessment when he does not have before him specific facts.

### III.

The notice given to the taxpayer in this case\* is known as Tax Commissioner's form ST 850-7 and was delivered

---

\*ST 850-7               STATE OF OHIO
DEPARTMENT OF TAXATION

Perry Payne Bldg., 740 Superior Avenue
Cleveland, Ohio 44113
March 1, 1972

American Handling Equipment Co.          In Re V. L. 91-76301
13500 Enterprise Avenue
Cleveland, Ohio 44135

Gentlemen:

You are hereby notified of the intention of the Tax Commissioner to levy an assessment against you for any sales or use tax found due as a result of the audit of your business.

In making this audit it is found that on certain sales you failed to collect the tax or to obtain properly completed exemption certificates.

The sales tax law requires a vendor to obtain an exemption certificate

before any audit was made. It is in letter form, and a careful reading thereof leads unmistakably to the conclusion that it was designed to have been given *after* the audit. Audit is referred to in two places in the notice, paragraphs one and two thereof. In paragraph one, it reads, "[y]ou are hereby notified of the intention of the Tax Commissioner to levy an assessment against you for any sales or use taxes found due as a result of the *audit* of your business," and paragraph two states, "[i]n making this *audit* it is found that on certain sales you failed to collect tax or to obtain properly completed exemption certificates." (Emphasis added.) Obviously, the language reads as if the

on any sale where exemption is claimed except sales where the item sold is never subject to the tax or where the purchaser is never subject to the tax. This certificate must be obtained within the period for filing the return for the period in which the sale is made. If the certificate is not obtained within the specified period, it is presumed that the tax applies.

The law further provides, however, that even though the vendor has not obtained a certificate within the proper period, he shall be given the opportunity of establishing that the sale was not subject to the tax but that this must be done within sixty days of the giving of notice of intention to levy the assessment.

As previously stated, this is your notice of the intention to levy an assessment against you. You have, therefore, sixty days in which to establish that any sales in question are not subject to the tax. This cannot be done by obtaining an exemption certificate at this time. A statement from the purchaser, furnishing information concerning the exact use of each item involved, would, however, be given consideration.

Very truly yours,

*Acknowledgement of Delivery of 60 Day Notice*

DEPARTMENT OF TAXATION

Signed /s/ R. G. Welfare

(Vendor's Signature)
Date March 3, 1972

Delivered by
  Frank S. White, No. 1691

(Examiner's Signature
  and No.)

/s/ Amil A. Gallitto

Amil A. Gallitto,
District Manager

audit had already taken place and a determination made. The last paragraph of the notice refers to "any sales in question" but fails to raise a question as to specific sales.

In my view, the notice, couched in language in the past tense as though the audit was completed, is unfair and misleading, and does not comport with the requirements of due process and is, therefore, invalid.

The taxpayer was further misled, as the record demonstrates, by the agent of the Tax Commissioner, who indicated that evidence to show the taxpayer's exempted sales could be presented after the close of the audit.

## IV.

Taxpayer points out that R. C. 1.47 provides:
"In enacting a statute, it is presumed that:
"* * *

"(C) A just and reasonable result is intended."

It is argued that a just and reasonable result certainly is not achieved by the method used here by the Tax Commissioner when, without an audit, he gives notice of an intention to levy an assessment—not knowing whether there will, in fact, be an assessment and does not specify items upon which a tax is claimed. This procedure does not give the taxpayer a fair opportunity to establish that a specific transaction is not subject to sales tax. In this case, there are only three letters of usage involved, each of which could have been obtained at any time if the taxpayer had been apprised that they were needed, and each of which completely justifies exemption.

True, in cases cited in the briefs and the majority opinion, this court has stated that statutory exemptions from a tax should be strictly construed against the taxpayer.

It should be made clear once and for all that our decision in *Dayton Sash & Door Co.* v. *Kosydar* (1973), 36 Ohio St. 2d 120, merely held that it was not the investigative duty of the Department of Taxation to examine records in its possession to substantiate the tax exempt status of a sales item. Such were the facts under scrutiny in that case.

It should further be made clear that our decision in

*Union Metal Mfg. Co.* v. *Kosydar* (1974), 38 Ohio St. 2d 53, only held that certificates of sales tax exemption obtained by taxpayer within the 60-day period provided for in R. C. 5739.03 may not be substituted for letters of usage, after that 60-day period, under the facts of that case.

In addition, the case of *W. A. Storing Co.* v. *Porterfield* (1968), 15 Ohio App. 2d 48, cited by appellee as authority for the Tax Commissioner's action herein, has no binding force as a precedent on this court and is devoid of any reasoning applicable to the facts in our instant case. To adopt the interpretation of R. C. 5739.03 reached by that court would lead only to the gaucherie of inflexibility, regardless of what the justice of the cause seemed to require.

Such a rule in the cited cases is tantamount to judicial legislation, which must give way to rules of statutory construction announced by the General Assembly in R. C. 1.47 that in enacting a statute a just and reasonable result is intended. Any difficulties with prior decisions of this court in applying that required test of justice and reason certainly does not excuse ignoring justice and the abandonment of reason.

On the special facts in this case, I would reverse the decision of the Board of Tax Appeals as being unreasonable and unlawful.