FORD MOTOR COMPANY, APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as Ford Motor Co. *v.* Limbach (1987), 32 Ohio St. 3d 136.]

(No. 86-855—Decided August 19, 1987.)

*Taft, Stettinius & Hollister* and *Stephen M. Nechemias,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark A. Engel,* for appellant.

*Per Curiam.* The issue presented in the case *sub judice* concerns the tax status of a conveyor system which transports a scrap metal by-product of appellee's stamping operation to a baling facility which, in turn, prepares the scrap material for sale to industrial customers. The BTA rationalized the exemption of this equipment under R.C. 5739.01(E)(2) as follows:

"In the present situation, Ford Motor's excess metal is in the form of chips which result after a product is pressed out from the sheet metal. The metal chips are not waste materials, but rather, are materials which are further processed into a final saleable product. The chips undergo a transformation in shape and form when processed by appellant's tax exempt stamping machinery. The chips are then directly transported to appellant's tax exempt baler machinery where they undergo an additional transformation in shape and form. Once compressed, the metal is a finished end product ready for sale."

Based upon this analysis, the board found that the metal chips were in-process material and that the metal chip conveyor system qualified for ex-emption under R.C. 5739.01(E)(2) as equipment which transported in-process material between the stages of production.

Appellant challenges the BTA's determination that the metal chips undergo a transformation of shape and form when the metal is processed in the stamping press. This conclusion is said to be dependent upon the BTA's erroneous assumption that the sheet metal fed into the stamping equipment is a raw material for scrap metal chips. Appellant argues that the sheet metal fed into the stamping press is not intended as a raw material for baled scrap, but was purchased for the sole purpose of producing automotive stampings. The appellant further argues that metal chips are an unintended by-product of the stamping process and do not undergo a change in shape and form until they are compressed in the baler room. Hence, the equipment in issue is said to perform a function which is prior to the manufacturing process.

This court has long adhered to a policy of strict construction when considering a claim for exemption from taxation. *American Handling Equipment Co.* v. *Kosydar* (1975), 42 Ohio St. 2d 150, 71 O.O. 2d 120, 326 N.E. 2d 660; *White Cross Hospital Assn.* v. *Bd. of Tax Appeals* (1974), 38 Ohio St. 2d 199, 67 O.O. 2d 224, 311 N.E. 2d 862; *Wallover Oil Co.* v. *Ohio Water Pollution Control Bd.* (1972), 32 Ohio St. 2d 233, 61 O.O. 2d 461, 291 N.E. 2d 469. One seeking an exemption from taxation bears the burden of affirmatively establishing his right thereto. *American Handling Equipment Co., supra; Dayton Sash & Door Co.* v. *Kosydar* (1973), 36 Ohio St. 2d 120, 65 O.O. 2d 306, 304 N.E. 2d 388. Bearing this principle in mind, we find the BTA's perception that the metal chips undergo a transformation of shape and form while in the stamping machinery

138

to be erroneous. Appellee's sole purpose for running the stamping equipment is to produce automotive stampings to be incorporated into its cars and trucks. Although appellee may find it profitable to sell the scrap metal by-product which results from its stamping operation, we find that the transformation of shape and form which takes place in the stamping press relates to the formation of automotive stampings, not scrap metal chips. The metal chips are the raw material for baled scrap and this material does not undergo a transformation in shape and form until it is compressed in appellee's baler facility.

Accordingly, we find that the metal chip handling and conveying equipment does not perform a function which qualifies it for exemption under R.C. 5739.01(E)(2), and reverse the decision of the BTA as being unreasonable and unlawful.

*Decision reversed.*

MOYER, C.J., LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

SWEENEY, J., dissents.