EPI OF CLEVELAND, INC., APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as EPI of Cleveland, Inc. *v.* Limbach (1989), 42 Ohio St. 3d 103.]

(No. 87-1895—Submitted February 14, 1989—Decided April 26, 1989.)

*Burke & Rawlings Co., L.P.A.*, and *James F. Burke, Jr.*, for appellant.

*Anthony J. Celebrezze, Jr.*, attorney general, *Mark A. Engel* and *James C. Sauer*, for appellee.

*Per Curiam.* R.C. 5739.03 provides, in pertinent part, the following:

"If any sale is claimed to be exempt under division (E) of section 5739.01 of the Revised Code or under section 5739.02 of the Revised Code, with the exception of divisions (B)(1) to (11) or (29) of section 5739.02 of the Revised Code, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax. * * * The certificate shall be in such form as the tax commissioner by regulation prescribes. If no certificate is furnished or obtained within the period for filing a return for the period in which such sale is consummated, it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply."

Under this statute, when a vendor made a retail sale, he was required to collect the tax or obtain an exemption certificate from the consumer. The certificate was to be obtained within the period for filing the sales tax return for the period in which the sale occurred. If the certificate was not so obtained, the tax presumably applied. However, if the certificate was not timely obtained, the vendor or consumer still could establish that the sale was not subject to the tax if he did so to the commissioner's satisfaction within sixty days of the giving of notice by the commissioner of her intention to levy an assessment.

Effective March 7, 1983, the General Assembly amended R.C. 5739.03 in Am. H.B. No. 358 (139 Ohio Laws, Part II, 2536, 2537) and added the following:

"(E) If a vendor files a petition for reassessment concerning the tax exempt status of a sale for which no exemption certificate was obtained, the vendor may present as evidence, and the tax commissioner, in making his finding, may consider, for the purpose of establishing the vendor's liability for the tax, such general circumstances surrounding the sale as:

"(1) The nature or volume of the item purchased;

"(2) The nature of the consumer's activity or business;

"(3) The consumer's possession at the time of sale of a license issued under section 5739.17 of the Revised Code;

"(4) Any other evidence considered relevant by the commissioner.

"This section is an interim section effective until two years after the effective date of this amendment."

Am. H.B. No. 358, in Section 3, moreover, deleted this language effective March 7, 1985. According to the Act's title, the General Assembly amended this provision "* * * to permit the consideration of certain evidence at * * * [the commissioner's hearing for two years and then] to restore the law as it existed prior to this act."

Effective July 6, 1984, the General Assembly again amended R.C. 5739.03 in Sub. H.B. No. 794 (140 Ohio Laws, Part II, 4746, 4786-4787) and replaced this language permanently with the following:

"A vendor who files a petition for reassessment contesting the assessment of tax on sales for which the vendor obtained no valid exemption certificates and for which the vendor failed to establish that the sales were properly not subject to the tax during the sixty-day period allowed under division (B) of this section, may present to the tax commissioner additional evidence to prove that the sales were properly subject to a claim of exception or exemption. The vendor shall file such evidence within ninety days of the receipt by the vendor of the notice of assessment, except that, upon application and for reasonable cause, the period for submitting such evidence shall be extended thirty days * * *.

"The commissioner shall consider such additional evidence in reaching the final determination on the assessment and petition for reassessment."

Thus, this section was amended twice between the time when the commissioner heard this case, April 27, 1982 (and when the letters of usage were submitted, about April 30, 1982), and the time when she decided the case, August 22, 1984.

EPI argues that these amendments caused procedural changes that should have been applied to its case.

The commissioner, on the other hand, maintains that these amendments were substantive changes and may not be applied.

Under R.C. 1.48, statutes are presumed to be prospective in operation unless made retrospective. *State, ex rel. Holdridge,* v. *Indus. Comm.* (1967), 11 Ohio St. 2d 175, 40 O.O. 2d 162, 228 N.E. 2d 621, discusses the effect of amendments on pending matters. In paragraph one of the syllabus, the court stated the approved principle:

"Laws of a remedial nature providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of such laws."

In *Holdridge,* a workers' compensation claimant had lost both eyes, the second one in an industrial accident. He had been declared permanently and totally disabled under a statute that provided that "[t]he loss of * * * both eyes * * * shall *prima facie* constitute total and permanent disability * * *." Seventeen years passed and Holdridge had rehabilitated himself so that he had employment, had married, and had purchased a home. At that point, the Industrial Commission declared that he was no longer permanently and totally disabled. The statute under which Holdridge had been disabled, however, had been amended to read, "[t]he loss of * * * both eyes * * * constitutes total and permanent disability * * *."

The *Holdridge* court held that the overall effect of the two statutes was a matter of substantive law because the finding of permanent and total disability imposes an obligation upon the employer to compensate the disabled employee. However, the court regarded the *prima facie* proof factor to be "only the manner of arriving at a fact conclusion, upon which the sub-

stantive law would operate, [and] it was itself procedural or remedial rather than substantive." *Id.* at 178, 40 O.O. 2d at 164, 228 N.E. 2d at 624. The court thus distinguished between substantive law, which creates duties, rights, and obligations, and procedural or remedial law, which prescribes methods of enforcement of rights or obtaining redress.

In the instant case, the goal of R.C. 5739.03 is to secure the payment of the sales tax, and the statute imposes upon the vendor the burden of collecting the tax and remitting it to the state. R.C. 5739.03, together with R.C. 5739.13, makes the vendor liable for the tax if he fails to collect it or obtain a valid exemption certificate. However, the commissioner must follow certain procedures to impose this liability. The sixty-day letter process requires her to serve the vendor with a notice of her intention to levy an assessment and gives the vendor sixty days within which to obtain letters of usage. This is procedural. The liability for the tax is fixed unless the vendor seasonably acquires satisfactory letters of usage. The General Assembly, in the sixty-day letter procedure, has provided a method for the vendor to overcome the liability for certain sales.

The amendments, here, which allow further evidence to be submitted, are also procedural. The General Assembly has given the vendor more ways to disprove liability. Under the above authority, these amendments are remedial and apply to pending matters.

Furthermore, we hold that the 1984 amendment, under which the vendor has ninety days from when he receives the notice of assessment to present additional evidence, applies. In *United Engineering & Foundry Co.* v. *Bowers* (1960), 171 Ohio St. 279, 282, 13 O.O. 2d 240, 241, 169 N.E. 2d 697, 699, we held that "[a] statute is not retroactive merely because it draws on antecedent facts for a criterion in its operation." Thus, this amendment may be applied prospectively to a pending case even though it relies on the antecedent fact of receipt of notice of assessment as a factor in its operation. Moreover, in *State* v. *MacDonald* (1976), 48 Ohio St. 2d 66, 2 O.O. 3d 219, 357 N.E. 2d 40, this court applied R.C. 2945.71 through 2945.73 prospectively to pending criminal cases where an arrest had been made prior to the effective date of the statute. The court computed the time limit derived from those sections from the effective date of the statute rather than from the earlier date of arrest. Then, in *Cook* v. *Matvejs* (1978), 56 Ohio St. 2d 234, 10 O.O. 3d 384, 383 N.E. 2d 601, we held that a plaintiff in a personal injury action, who was injured prior to the effective date of the statute that lowered the age of majority to eighteen years, must litigate his claim within two years after the effective date of the statute or within two years after his eighteenth birthday, whichever was later. In both these cases, a procedural change was applied to the exercise of a substantive right in a pending matter. In both cases, prospective application required the court to compute the time limit from the effective date of the statute. We hold the same to be true here.

Therefore, EPI could have presented additional evidence to the commissioner within ninety days of the receipt of the notice of assessment or within ninety days of the effective date of the statute, whichever period expired later. Since EPI had presented additional evidence to the commissioner prior to the effective date of the statute, such evidence was timely filed.

The commissioner should have considered it.[1]

Accordingly, we reverse the BTA's decision and remand this matter to it with instructions that it remand the case to the commissioner and order her to consider the additional evidence presented to her.

*Decision reversed and cause remanded.*

MOYER, C.J., HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. Regrettably, the majority of this court today takes another whack at the Tax Code. I have previously expressed my concerns in this regard and no further purpose would be served, in this case, for me to repeat them. It suffices to say that we are piling one radical change upon another, thereby assuring more and more appeals as prospective litigants glean that there is not only a change in philosophy of this court with regard to the Tax Code but that a philosophical majority exists to implement those changes.

In the case at bar, the Tax Commissioner sent, on May 7, 1980, a notice of intent to levy the taxes in question. This notice pertained to the Tax Commissioner's audit of appellant's sales for the period of January 1, 1977 through December 14, 1979. Pursuant to the statute then in effect, appellant had sixty days to submit to the Tax Commissioner evidence to show that the tax was being improperly assessed because the sales in question were exempt. To substantiate its position, a taxpayer can submit certificates of exemption or letters of usage. *No* such evidence was submitted by appellant during the sixty-day period.

Not having received any such evidence, the Tax Commissioner, on September 18, 1980, assessed appellant. On October 14, 1980, appellant filed a petition for reassessment. The record is not clear as to why it took the Tax Commissioner until April 27, 1982 to hold a hearing on the petition for reassessment, nor is the record clear as to why no decision was issued by the Tax Commissioner until two years and four months later, August 22, 1984. While these lapses of time appear to be inordinate, the fact remains that appellant did not submit letters of usage until the 1982 hearing—a time well beyond the sixty-day period that commenced to run on May 7, 1980.

At issue are letters of usage from seven of appellant's customers. For various reasons, the Tax Commissioner did not accept the exemption certificates, but the principal objection of the Tax Commissioner was, and is, that the letters were not submitted within the sixty-day statutory period. Upon appeal, the BTA found that appellant had failed to submit its evidence for exemption within the sixty-day period and the BTA affirmed the Tax Commissioner's final order.

During this protracted period, the General Assembly twice amended R.C. 5739.03. Appellant argues that these amendments lengthened the time for it to submit evidence to the Tax Commissioner. The amendments were effective on March 7, 1983 and July 6, 1984,

---

[1] We note, however, that the presumption of taxability set forth in R.C. 5739.03 is not overcome by exemption certificates or other equivalent verification. *Union Metal Mfg. Co.* v. *Kosydar* (1974), 38 Ohio St. 2d 53, 67 O.O. 2d 72, 310 N.E. 2d 249, paragraph two of the syllabus.

respectively. The Tax Commissioner's assessment was issued on September 18, *1980*. While there was a subsequent petition for reassessment, a hearing and a journalization of the assessment, the fact remains that the Tax Commissioner's assessment was made on September 18, 1980, subject to change only upon the proper procedures being followed and credible evidence being presented. Accordingly, the assessment was made long before there were any amendments to the statute. Thus, I find unnecessary the lengthy discussion in the majority opinion concerning the prospective-retrospective status of legislation.

There is one further point. Even if the amendments to the statute did apply to this case, a review of the seven letters submitted by appellant shows that in all cases, with the possible exception of the Horning Steel Company letter, the letters fall outside the scope of what is required to establish an exemption. Each of the six other letters stated no more than the statutory exemption relied upon. They are insufficient to establish an exemption.

"If an exemption certificate required by R.C. 5739.03 is not timely furnished or obtained, it will be presumed that all sales are taxable, and that presumption will not be overcome by evidence consisting solely of exemption certificates or other equivalent verifications, procured within 60 days of the giving of notice by the Tax Commissioner. (R.C. 5739.03 construed and applied.)" *Union Metal Mfg. Co.* v. *Kosydar* (1974), 38 Ohio St. 2d 53, 67 O.O. 2d 72, 310 N.E. 2d 249, paragraph two of the syllabus.

The Horning Steel letter did provide the vendor's license number and, possibly, upon remand, the Tax Commissioner could consider this item.

Accordingly, since the majority opinion ignores the law in effect at the time of assessment, I must respectfully dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.