DECISION AND JOURNAL ENTRY
Defendants-appellants, the Cloverleaf Local School District Board of Education and the Medina County Board of Mental Retardation and Development, appeal a judgment of the Medina County Court of Common Pleas that denied their motions to dismiss pursuant to Civ.R. 12(B)(6). Because the appellants have attempted to appeal from an order that is not final pursuant to2505.02 and because R.C. 2744.02(C) is inapplicable to this case, the appeal is dismissed.
This court has jurisdiction to "review, affirm, modify, set aside, or reverse judgments or final orders." R.C. 2501.02. An order that denies a motion to dismiss for failure to state a claim upon which relief can be granted is not a final order within the jurisdiction of this court. See Bartok v. Merrill, Lynch, Pierce,Fenner Smith, Inc. (Sept. 6, 1989), Summit App. No. 14009, unreported, at 3. See, also, State ex rel. Overmeyer v. Walinski
(1966), 8 Ohio St.2d 23, 23. Assuming, arguendo, that a political subdivision could attempt to avail itself of the benefit of immunity via Civ.R. 12(B)(6), however, "an order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability * * * is a final order" pursuant to R.C. 2744.02(C).
R.C. 2744.02(C) was enacted as part of Am.Sub.H.B. 350, in conjunction with the addition of substantially similar language in R.C. 2501.02. The Supreme Court of Ohio has recently concluded that Am.Sub.H.B. 350 is unconstitutional in its entirety. Stateex rel. Ohio Academy of Trial Lawyers v. Sheward (1999), 86 Ohio St.3d 451, paragraph three of the syllabus. Unrelated portions of R.C. 2744.02, however, were also amended as part of Am.Sub.H.B. 215. Pursuant to Section 15, Article II of the Ohio Constitution, Am.Sub.H.B. 215 repealed the prior version of R.C. 2744.02 and reenacted it as amended, effective June 30, 1997.
"A statute is presumed to be prospective in its operation unless expressly made retrospective." R.C. 1.48. The legislature did not specify that R.C. 2744.02(C), as amended by Am.Sub.H.B. 215, applies to pending cases in which the cause of action accrued prior to June 30, 1997. Cf. R.C. 2505.02(D). Accordingly, the statute is presumed to apply prospectively. See R.C. 1.48; Colev. Holland (1996), 76 Ohio St.3d 220, 225. See, generally, VanFossen v. Babcock Wilson Co. (1988), 36 Ohio St.3d 100.[1]
In the absence of a statutory exception to the contrary, the denial of the appellants' motion to dismiss is not a final appealable order within the jurisdiction of this court. The appellants have attempted to appeal from an order that was not final within the meaning of R.C. 2505.02. This court does not have jurisdiction over the present appeal, and it is, therefore, dismissed.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
LYNN C. SLABY, FOR THE COURT
WHITMORE, J., BATCHELDER, J., CONCUR.
[1] We need not address the constitutional implications of a potential retroactive application. See Nease v. Medical CollegeHosp. (1992), 64 Ohio St.3d 396, 398. See, also, Van Fossen,supra, at 106. But see, EPI of Cleveland, Inc. v. Limbach
(1989), 42 Ohio St.3d 103, 105, citing State, ex rel. Holdridge,v. Indus. Comm. (1967), 11 Ohio St.2d 175, paragraph one of the syllabus.