OPINION
{¶ 1} Appellants, Mount Carmel Health Systems and Mount Carmel East Hospital (collectively "Mt. Carmel"), appeal from the April 4, 2005 discovery order of the Franklin County Court of Common Pleas. In that judgment, the trial court denied Mt. Carmel's motion to apply R.C. 2305.252, as amended, when analyzing the discoverability of certain documents. The April 2005 entry also supplemented the trial court's previous judgment, filed April 7, 2003, which ordered the production of documents for an in camera inspection. For the reasons that follow, we reverse and remand the decision of the trial court for further proceedings.
 {¶ 2} The current appeal marks the second time this case comes before us for review regarding the same discovery dispute.[1] In Doe v. Mount Carmel Health Systems,
Franklin App. No. 03AP-413, 2004-Ohio-1407 ("Doe I"), Mt. Carmel appealed the trial court's original April 7, 2003 judgment, which ordered the disclosure of certain documents. We reviewed that order under R.C. 2305.251 as it existed when the trial court issued its ruling. We held that the trial court properly ordered the disclosure of documents for an in camera inspection. However, because the trial court did not provide any rationale for its conclusions, we could not conduct a meaningful review of the decision. Therefore, we remanded the case for further proceedings, instructing the trial court to re-analyze the documents and articulate its reasons for concluding that certain documents were discoverable.
 {¶ 3} Subsequent to the trial court's original judgment, which was the subject of appeal in Doe I, the legislature amended R.C. 2305.251. Renumbered as R.C. 2305.252, the amended statute took effect while Doe I was pending. When the dispute was returned to the trial court for further proceedings, Mt. Carmel filed a motion seeking to have the amended and renumbered statute applied to the facts of the discovery dispute.
 {¶ 4} On April 4, 2005, the trial court filed a second decision and entry. The trial court declined to apply the amended statute to its examination of the disputed documents. Instead, the court conducted its analysis under former R.C. 2305.251.
 {¶ 5} Pursuant to our instructions in Doe I, the trial court set forth its rationale for permitting discovery. The court noted that a majority of the documents it deemed discoverable were records of complaints received by Mt. Carmel employees from patients treated by Dr. Schneider.[2] Upon receipt, the employee would send the complaint to the Quality Assurance Department, which would then forward the complaint and any corresponding documents for investigation. The trial court concluded that the complaints filed with Mt. Carmel were not made directly to a review committee as contemplated by R.C. 2305.251. The trial court stated:
* * * These records, while they may have been forwarded to the Court by a review committee department of Defendant Mt. Carmel, are documents that are available from an original source — the department that the patient contacted to make the complaint. * * *
The trial court found that because the documents were available from an original source, they were discoverable from the review committee.
 {¶ 6} The court also concluded that copies of letters from Mt. Carmel to Dr. Schneider were discoverable. The trial court observed that the letters appeared to be used to review the doctor's hospital status and various applications for continued appointments to the emergency room staff. Thus, because they did not originate in a review committee, the trial court deemed the letters discoverable.
 {¶ 7} Finally, the trial court addressed two incident reports regarding Dr. Schneider filed by an employee of Mt. Carmel. The court observed that while the documents were forwarded to quality assurance, the information was collected for use by the department that made the report. Consistent with its earlier ruling, the trial court concluded that because the documents were available from an original source, they were discoverable from the review committee.
 {¶ 8} After the trial court entered its April 4, 2005 judgment, Mt. Carmel filed a timely notice of appeal. Mt. Carmel raises the following assignments of error for review:
I. THE TRIAL COURT ERRED TO THE PREJUDICE OF MOUNT CARMEL WHEN IT REFUSED TO APPLY R.C. § 2305.252 AFTER THE COURT OF APPEALS REVERSED THE TRIAL COURT'S DECISION OF APRIL 7, 2003 IN PART AND ORDERED THE TRIAL COURT TO EXPLAIN HOW IT DISTINGUISHED DISCOVERABLE FROM NOND-ISCOVERABLE DOCUMENTS.
II. THE TRIAL COURT ERRED TO THE PREJUDICE OF MOUNT CARMEL WHEN IT HELD THAT DOCUMENTS PRESENTED TO MOUNT CARMEL'S QUALITY ASSURANCE COMMITTEE AND PEER REVIEW COMMITTEE WERE DISCOVERABLE.
III. THE TRIAL COURT ERRED TO THE PREJUDICE OF MOUNT CARMEL WHEN IT FAILED TO CONSIDER R.C. § 2305.253 IN FINDING INCIDENT REPORTS TO BE DISCOVERABLE.
 {¶ 9} As a preliminary matter, we must establish the applicable standard of review. Appellee asserts that, because this is an appeal of a discovery order, we must review the matter under an abuse of discretion standard. Generally, an appellate court will evaluate a determination of a discovery dispute under an abuse of discretion standard. However, here we are presented with a threshold question of law: which version of the statute is applicable. Accordingly, we must conduct our review of the trial court's decision to apply former R.C. 2305.251 de novo. State v.Wemer (1996), 112 Ohio App.3d 100, 103; BP Exploration Oil,Inc. v. Ohio Dept. of Commerce, Franklin App. No 04AP-619,2005-Ohio-1533.
 {¶ 10} The trial court determined that the amended statute should not apply to the discovery issue at bar. However, in EPIof Cleveland, Inc. v. Limbach (1989), 42 Ohio St.3d 103, the Ohio Supreme Court stated that amendments to remedial and procedural statutes may be applied prospectively to a pending case. Specifically, the court held:
"Laws of a remedial nature providing rules of practice, courses of procedure, or methods of review are applicable to any proceedings conducted after the adoption of such laws."
Id. at 105, quoting with approval State ex rel. Holdridge v.Indus. Comm. (1967), 11 Ohio St.2d 175, paragraph one of the syllabus.
 {¶ 11} Here, R.C. 2305.251 was amended and renumbered as R.C.2305.252. The effective date of the statute fell two days after the trial court entered its original judgment regarding the discoverability of documents, but two years before the trial court conducted its supplemental inquiry pursuant to our instructions on remand in Doe I. In other words, the trial court conducted further proceedings — subsequent to the effective date of R.C. 2305.252 — when it re-evaluated the documents. Thus, according to the Ohio Supreme Court's holding in EPI andHoldridge, supra, if the amendment was procedural rather than substantive, R.C. 2305.252 should have been applied.
 {¶ 12} Appellee argues that amended R.C. 2305.252 is substantive in nature and contends that the trial court properly refused to apply it to the discovery dispute. We disagree. The statute does not create duties, rights or obligations, but prescribes a method for enforcing rights or obtaining requests.EPI, supra, at 106; Huntsman v. Aultman Hospital,106 Ohio App.3d 196, 2005-Ohio-1482. Specifically, the amended statute clarifies whether information is discoverable or protected by the peer review privilege. We find that the changes to the statute are procedural.[3]
 {¶ 13} We hold that the trial court should have applied the revised version — R.C. 2305.252 — in its analysis of the discovery issue. Therefore, the trial court erred by applying former R.C. 2305.251. Mt. Carmel's first assignment of error is sustained.
 {¶ 14} Mt. Carmel's second assignment of error contends that the trial court erred in holding that the documents presented to its quality assurance and peer review committees were discoverable. Similarly, the third assignment of error submits that the trial court erred in failing to consider R.C. 2305.253
when it allowed discovery of incident reports. We will address the two assignments of error simultaneously.
 {¶ 15} R.C. 2305.24, which governs the confidentiality of information furnished to quality assurance committees, states in pertinent part:
Any information, data, reports, or records made available to a quality assurance committee * * * of a hospital or * * * not-for-profit health care corporation * * * are confidential and shall be used by the committee and the committee members only in the exercise of the proper functions of the committee. * * *
Additionally, R.C. 2305.252 states:
Proceedings and records within the scope of a peer review committee of a health care entity shall be held in confidence and shall not be subject to discovery or introduction in evidence in any civil action against a health care entity or * * * provider * * * arising out of matters that are the subject of evaluation and review by the peer review committee. No individual who attends a meeting of a peer review committee, serves as a member of a peer review committee, works for or an behalf of a peer review committee, or provides information to a peer review committee shall be permitted or required to testify in any civil action as to any evidence or other matters produced or presented during the proceedings of the peer review committee or as to any finding, recommendation, evaluation, opinion, or other action of the committee or a member thereof. * * *
This statutorily conferred privilege, dubbed the peer review privilege, is not absolute. R.C. 2305.252 continues to state:
* * * Information, documents, or records otherwise available from original sources are not to be construed as being unavailable for discovery or for use in any civil action merely because they were produced or presented during proceedings of a peer review committee, but the information, documents, or records are available only from the original sources and cannot be obtained from the peer review committee's proceedings or records. * * *
Furthermore:
* * * An individual who * * * provides information to a peer review committee shall not be prevented from testifying as to matters within the individual's knowledge, but the individual cannot be asked about the individual's testimony before the peer review committee, information the individual provided to the peer review committee, or any opinion the individual formed as a result of the peer review committee's activities. * * *
 {¶ 16} As amended, R.C. 2305.252 clearly states that documents or records cannot be obtained from a peer review committee's proceedings or records. The documents or records are not completely outside the scope of discovery. Such documents and records are available from the original source of the information contained therein. However, the documents and records presented to a peer review committee fall within the privilege created by R.C. 2305.252.
 {¶ 17} In addition to amending former R.C. 2305.251, the legislature introduced further clarification to the peer review or quality assurance committee privilege in a subsection dedicated to incident and risk management reports. Codified as R.C. 2305.253, this new legislation states, in pertinent part:
Notwithstanding any contrary provision of section 149.43,1751.21, 2305.24, 2305.25, 2305.251 [2305.25.1], 2305.252[2305.25.2], or 2305.28 of the Revised Code, an incident report or risk management report and the contents of an incident report or risk management report are not subject to discovery in, and are not admissible in evidence in the trial of, a tort action. An individual who prepares or has knowledge of the contents of an incident report or risk management report shall not testify and shall not be required to testify in a tort action as to the contents of the report.
(Emphasis sic.) R.C. 2305.253(A). Defined in R.C. 2305.25(D), an "incident report or risk management report" means:
* * * [A] report of an incident involving injury or potential injury to a patient as a result of patient care provided by health care providers, including both individuals who provide health care and entities that provide health care, that is prepared by or for the use of a peer review committee of a health care entity and is within the scope of the functions of that committee.
 {¶ 18} The privilege granted by R.C. 2305.253 specifically targets documents that report an incident involving injury or potential injury suffered by a patient while receiving medical care by a health care provider. If this type of document is prepared by — or for the use of — a peer review committee, it is to be confidential and not subject to discovery. However, similar to the peer review privilege as a whole, the unavailability of the documents does not render all information pertaining to an incident beyond the scope of discovery. A person may testify, or produce evidence, regarding patient care that is within his or her personal knowledge. R.C. 2305.253(B)(2).
 {¶ 19} Applying amended and renumbered R.C. 2305.252 to the present dispute, appellee may obtain the desired documents, but only from the original source — i.e, the complainant. The complainant is free to testify or provide information that is within his or her personal information. Similarly, if appellee requests documents that are classified as incident reports under R.C. 2305.253, she may obtain that information, but only from an individual with personal knowledge of the incident. However, under the plain language of the statutes, the actual documents created by or presented to the peer review committee are not discoverable.
 {¶ 20} Given the above, we find that the trial court should have considered R.C. 2305.253 while re-analyzing the discovery dispute. The provision found in R.C. 2305.253 became effective on the same date as amended and renumbered R.C. 2305.252. For the same reasons that we found the trial court erred in not applying R.C. 2305.252 to a proceeding conducted after the effective date thereof, we hold that it was error to ignore R.C. 2305.253. Therefore, Mt. Carmel's third assignment of error is sustained.
 {¶ 21} In regard to Mt. Carmel's second assignment of error, to the extent that the trial court ruled that documents presented to quality assurance and peer review committees were discoverable, the trial court erred. The amended statute prohibits the discovery of such documents unless they are obtained from an original source. Documents do not become accessible from quality assurance and peer review committees merely because an original source is available elsewhere. Beyond this, we are unable to meaningfully address the merits of the second assignment of error at this time due to the trial court's failure to apply the proper statutes. Accordingly, we must remand this discovery dispute for further review by the trial court. On remand, the trial court should apply amended and renumbered R.C.2305.252, as well as R.C. 2305.253, to its inspection of the challenged documents.
 {¶ 22} Based on the foregoing, Mt. Carmel's first and third assignments of error are sustained. The second assignment of error is sustained in part and the judgment of the Franklin County Court of Common Pleas is reversed and remanded with instructions.
Judgment reversed; cause remanded with instructions.
Sadler and McGrath, JJ., concur.
[1] The factual background of this case is well documented inDoe v. Mount Carmel Health Systems, Franklin App. No. 03AP-413,2004-Ohio-1407. Accordingly, we will not repeat those facts here; instead, we will only discuss the facts leading directly to the present appeal.
[2] Dr. Schneider is a named defendant in the underlying case; however, he is not a party to this discovery dispute.
[3] Our conclusion is in accord with the Fifth Appellate District court's in Huntsman, supra, at ¶ 20 ("Further, in this particular situation, the change to the statute is clearly procedural.").