Tractor Supply Co. Appellant, *v.* Lindley, Tax Commr., Appellee.

(No. 76-1129—Decided June 22, 1977.)

*Messrs. Smith & Schnacke, Mr. Joseph M. Rigot, Mr. Walter A. Porter* and *Mr. James H. Stethem,* for appellant.
*Mr. William J. Brown,* attorney general, and *Mr. John C. Duffy, Jr.,* for appellee.

*Per Curiam.* R. C. 5739.03(B) reads, in pertinent part, as follows:

"If any sale is claimed to be exempt under division (E) of Section 5739.01 of the Revised Code or under Section 5739.02 of the Revised Code, with the exception of divisions (B)(1) to (B)(11) * * * the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax. * * * The certificate shall be in such form as the Tax Commissioner by regulation prescribes. If no certificate is furnished or obtained within the period for filing the return for the period in which such sale is consummated, it shall be presumed that the tax applies." * * *

Pursuant to this legislative grant of authority, the commissioner promulgated Rule TX-11-03. The sole issue presented here for review is whether taxpayer's counter-ticket complied with the requirements for a valid certificate of exemption, as set out in Rule TX-11-03.

Rule TX-11-03 prescribes three forms for use when a sale is claimed to be excepted or exempt from the application of the Ohio sales or use tax. This appeal is concerned with unit certificates of exemption, for which the commissioner has designated a form. At the bottom of that form, however, the following language appears:

"The unit certificate of exemption may be incorporated into the vendor's invoice, bill of sale, etc., provided that such incorporation contains all the data prescribed in the form." It is undisputed that T. S. C. did not utilize the prescribed form, but rather attempted to include, in its counterticket, the data sought by the form.

Perhaps the most critical data requested in the form, and the present subject of this court's attention, is the reason given for claiming an exemption. Rule TX-11-03 lists several reasons, with subparts, for claiming an exemption or exception from the sales or use tax, and directs that the appropriate reason be inserted in the unit exemption certificate.[2] The board, in affirming the assessment issued by

---

[2] The three reasons relevant to this appeal are as follows:

"(2) [Tangible personal property is sold] [f]or use or consumption:

the commissioner, specifically disapproved of the reason stated in the taxpayer's counterticket (set out and emphasized above), and concluded as follows:

"The failure to specify that tangible personal property is being produced for sale with the use or consumption of the property purchased is fatal to the validity of the certificate. The consumer, in the certificate executed for T. S. C., does not certify that a statutorily-created, exempt use will be made of the property purchased, but that the property will be used directly and exclusively in farming, etc., a use that does not comport with any statutory exception or exemption from the tax. Not all property which is used directly and exclusively in farming is used in the exceptionable manner. Since the consumers have not specified a statutory reason that the sales were not legally subject to the tax then the certificates have no validity."

We disagree.

After considering the unusual nature of many of the items purchased (wire winder, fence stretcher, oil drums, tractor heater cab), and the fact that the purchasers were engaged in farming, agriculture, dairying, horticulture or

---

"* * *

"(C) Directly in production of personal property for sale by farming, agriculture, horticulture or floriculture."

"(6) A sale, of packages or of materials and parts thereof, or of machinery, equipment and materials for use in packaging personal property produced for sale or sold at retail, to a person engaged in:

"* * *

"(B) Production of personal property for sale by farming, agriculture, horticulture, or floriculture."

"(8) A sale, to a person engaged in farming, agriculture, horticulture, or floriculture of tangible personal property for use or consumption:

"(A) Directly in the production of articles for use or consumption directly in the production of other personal property for sale.

"(B) In conditioning or holding of products produced for sale, or in conditioning or holding of articles produced for use or consumption directly in the production of other personal property for sale.

"(C) As a material or part for incorporation into articles, to be produced for use or consumption directly in production of other personal property for sale."

floriculture as a business enterprise, it is apparent that these items were used or consumed in the production of tangible personal property for sale.

Despite the minor differences between the reasons specified in Rule TX-11-03 and the language chosen by T. S. C., we are of the view that taxpayer's counterticket supplied all the data requested in the prescribed form, and that the commissioner was sufficiently apprised of the nature of the claim for exemption.

The decision of the Board of Tax Appeals is unreasonable and unlawful, and therefore must be reversed.

*Decision reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

