348

Stotts-Friedman Company, Appellant, *v.*
Lindley, Tax Commr., Appellee.

[Cite as Stotts-Friedman Co. v. Lindley (1982),
69 Ohio St. 2d 348.]

(No. 81-866—Decided February 24, 1982.)

*Messrs. Porter & McKinney* and *Mr. Robert C. Porter, Jr.,* for appellant.

*Mr. William J. Brown,* attorney general, and *Ms. Barbara E. Vest,* for appellee.

*Per Curiam.*

I.

In this cause we must resolve the question of whether a vendee's purchase order constitutes the equivalent of an exemption certificate for purposes of R. C. 5739.03. That section states in pertinent part:

*"If any sale is claimed to be exempt* under division (E) of section 5739.01 of the Revised Code or under section 5739.02 of the Revised Code, with the exception of divisions (B)(1) to (B)(11) of section 5739.02, the consumer must furnish to the vendor, and *the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax.* If the transaction is claimed to be exempt under division (B)(13) of section 5739.02 of the Revised Code, the exemption certificate shall be signed by both the contractor and his contractee and such contractee shall be deemed to be the consumer of all items purchased under such claim of exemption in the event it is subsequently determined that the exemption is not properly claimed. *The certificate shall be in such form as the tax commissioner by regulation prescribes. If no certificate is furnished or obtained* within the period for filing the return for the period in which such sale is consummated, *it shall be presumed that the tax applies. The failure* to have so furnished, or *to have so obtained, a certificate shall not prevent a vendor* or consumer *from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply."* (Emphasis added.)

Appellant contends that its customer purchase orders,[2] presented to the commissioner's agents in lieu of exemption certificates, sufficiently apprised the commissioner of the statutory basis for the claimed exemptions and, therefore, comply with the requirements contained in R. C. 5739.03. In support of this contention, appellant relies upon this court's decision in *Tractor Supply Co.* v. *Lindley* (1977), 50 Ohio St. 2d 275. In that case we held that an agricultural supplier, who incorporated certificates of exemption into customer invoices, sufficiently complied with Rule TX-11-03, promulgated by the commissioner pursuant to legislative authority under R. C. 5739.03. We concluded, at page 279, " * * * that [the] taxpayer's counterticket supplied all the data requested in the prescribed form, and that the commissioner was sufficiently apprised of the nature of the claim for exemption."

Appellant argues that the rationale contained in *Tractor Supply* is equally applicable to the customer purchase orders in the cause *sub judice*. We disagree. R. C. 5739.03 provides that exemption "certificate[s] shall be in such form as the tax commissioner by regulation prescribes." In response to this legislation the commissioner has prescribed three forms, together with rules, governing certificates of exemption. Ohio Adm. Code 5703-9-03.

At issue in *Tractor Supply* was the vendor's compliance with unit certificates of exemption. The following language ap-

---

[2] The record sets forth the contents of several purchase orders which appellant claims comply with the provisions contained in R. C. 5739.03 and Ohio Adm. Code 5703-9-03. For example, the purchase order from Champion Papers, Inc., contained the following legend:

"This certifies that all material, merchandise, or goods purchased on this order is used or consumed directly in manufacturing and is therefore exempt from the Ohio State Sales Tax. Our license number is 0933367, (U. S. Plywood-Champion Papers, Inc.)."

The Dayco Corporation purchase order stated:

"The undersigned hereby claims exemption on the purchase of tangible personal property made under this certificate and certifies that this claim is based upon the purchaser's proposed use of the item purchased, the activity of the purchaser, or both, as shown hereon: purchaser's activity: manufacturing."

On the reverse side, the following language appeared:

"For use or consumption as a material or a part for incorporation into personal property to be produced for sale by manufacturing."

Another company's purchase order contained the following clause:

"For resale, Ohio Certificate No. 55-019694."

peared at the bottom of that form as set forth in Rule TX-11-03 (the predecessor of Ohio Adm. Code 5703-9-03): "The unit certificate of exemption may be incorporated into the vendor's invoice, bill of sale, etc., provided that such incorporation contains all the data prescribed in the form." Accordingly, the vendor in *Tractor Supply* was entitled to incorporate into customer invoices the data required to be contained in a unit certificate of exemption.

The instant case involves sales effectuated under blanket certificates of exemption. Unlike unit certificates, the commissioner's regulations concerning blanket certificates do not provide for the incorporation of prescribed data into an invoice, bill of sale or, for that matter, purchase orders. R. C. 5739.03 requires that when a sale is claimed as exempt under R. C. 5739.01(E) or 5739.02, " * * * the vendor *must* obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax." (Emphasis added.) Appellant failed to comply with this statutory obligation.

It is well-established that "[t]he duty imposed upon a taxpayer who neglects to obtain exemption certificates is clear; 60 days is provided, from the notice of intention to levy an assessment, to overcome the presumption that the tax applies." *American Handling Equipment Co.* v. *Kosydar* (1975), 42 Ohio St. 2d 150, at page 153. See, also, *Canton Structural Steel Co.* v. *Lindley* (1982), 69 Ohio St. 2d 33.

After having been presented with a notice of intention to levy an assessment, appellant began distributing letters of usage. When this course of action proved to be less than successful, appellant chose to rely upon customer purchase orders to rebut the statutory presumption of taxability. These purchase orders, however, are equivalent to "documents proffered * * * [which contain no] more than bare conclusions that the questioned transactions involve sales falling within some specific exemptions." *Union Metal Mfg. Co.* v. *Kosydar* (1974), 38 Ohio St. 2d 53, at page 56. See, also, *Dayton Sash & Door Co.* v. *Kosydar* (1973), 36 Ohio St. 2d 120. Accordingly, this court agrees with the board that the subject purchase orders are insufficient documents with which to rebut the presumption that the tax applies.

## II.

Appellant also challenges assessments levied upon transactions where sales were effectuated to known wholesalers, government contractors and to various religious and charitable organizations. Specifically, appellant argues that exemption certificates need not be obtained where the identity of the consumer is such that the transaction is never subject to Ohio sales or use tax.

For this proposition, appellant relies upon the final paragraph of R. C. 5739.03, which provides: *"Certificates need not be obtained* nor furnished *where the identity of the consumer is such that the transaction is never subject to the tax imposed* or where the item of tangible personal property sold is never subject to the tax imposed, regardless of use, or when the sale is in interstate commerce." (Emphasis added.)

The commissioner asserts that appellant has failed to demonstrate that its vendees, and the tangible personal property sold, are "never subject to the tax imposed."

Sales of tangible personal property to religious or charitable organizations are, pursuant to R. C. 5739.02(B)(12), exempt, provided that "no part of the net income of which inures to the benefit of any private shareholder or individual and no substantial part of the activities of which consist of carrying on propaganda or otherwise attempting to influence legislation." Additionally, the final paragraph of R. C. 5739.02(B)(12) provides that "[n]othing in this division shall be deemed to exempt sales to any organization for use in the operation or carrying on of a trade or business."

Thus, the statutory section extending tax exemptions to charitable and religious organizations expressly recognizes that these entities may be engaged in activities which are subject to Ohio sales and use tax. Accordingly, it cannot be said that these organizations are "never subject to the tax imposed."

Further, sales of tangible personal property to government contractors will not relieve a vendor of the duty to obtain a certificate of exemption. R. C. 5739.02(B)(13) exempts from sales tax "[b]uilding and construction materials sold to construction contractors for incorporation into a structure or improvement to real property under a construction contract with

this state or a political subdivision thereof, or with the United States government * * * ." Notwithstanding this exemption, R. C. 5739.03 provides that "[i]f the transaction is claimed to be exempt under division (B)(13) of section 5739.02 of the Revised Code, * * * " an exemption certificate must be obtained " * * * in the event it is subsequently determined that the exemption is not properly claimed. * * * "

Again, the statute by its own terms negates the proposition that a government contractor is "never subject to the tax imposed," and, therefore, appellant's argument must necessarily be rejected.

## III.

Lastly, appellant contests the invalidation of certain exemption certificates as having been defectively completed.[3] The board found that the defects included blank spaces, improper dates and the absence of a stated reason for the claimed exemption. Appellant maintains that the stated defects are hypertechnical in nature and, further, that the board's holding in this regard does not comport with this court's decision in Zinc Engravers v. Bowers (1958), 168 Ohio St. 43.

In Zinc Engravers, the board invalidated an exemption certificate containing seven enumerated grounds for exemption, with a box appearing to the left of each ground. No box had been "checked"; instead, written in longhand on the certificate appeared the words "Newspaper Engravings." In reversing the decision of the board, this court stated, at page 48: "Certificates of exemption are usually executed by laymen (in many instances, clerical employees) and not by lawyers trained in the interpretation of tax laws and rules. In the instant case we are of the view that the Tax Commissioner was sufficiently apprised of the nature of * * * [the] exemption claim[ed]."

The board, in the present cause, discussed at length our

---

[3] Pursuant to Ohio Adm. Code 5703-9-03, a blanket certificate of exemption requires that the following information be included thereon: The name of the vendor; the statutory reason for the exemption; the date from which the exemption is claimed; the consumer's name, address and activity; a signature and the title of the person signing the certificate; the date the certificate is executed; and a vendor's license number, if any.

holding in *Zinc Engravers* and concluded that "[a] rigid adherence to a form should not be necessary to substantiate its validity. However, the request for initial information cannot be ignored." We agree.

There is no room for hypertechnicality in the evaluation of a completed exemption certificate especially in light of the fact that "simplicity has never been the dominant factor of tax legislation." *American Handling Equipment Co.* v. *Kosydar, supra,* at page 154 (J.J.P. Corrigan, J., dissenting). Nevertheless, the defects contained in appellant's certificates go beyond the realm of hypertechnicality in that the certificates, as presented, failed to sufficiently apprise the commissioner of the nature of the claims for exemption.

For the foregoing reasons, we conclude that the decision of the Board of Tax Appeals is reasonable and lawful and, accordingly, it is hereby affirmed.

*Decision affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.