JEMO ASSOCIATES, INC., APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

(No. 82AP-137—Decided December 23, 1982.)

*Michael D. Saad Co., L.P.A., Mr. Michael D. Saad* and *Mr. James A. Saad,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Mark A. Engel,* for appellee.

McCORMAC, J. Jemo Associates, Inc., has appealed a decision of the Board of Tax Appeals affirming the Tax Commissioner's determination that Jemo was liable for sales tax on its purchase and use of property consumed in building a project called Fairlawn Apartments. Jemo is a contractor that was successful in bidding for the construction of a multiple unit apartment project for low income elderly residents in Archbold, Ohio. Jemo was provided with an exemption certificate by Fairlawn Apartments on the form prescribed by the Tax Commissioner. The exemption certificate met all the requirements for exemption, pursuant to R.C. 5739.03, except that typed onto the certificate on the front, in type larger than that otherwise contained on the form, was the following language:

"* * * Contractee has executed this certificate only at the request of contractor and execution by it does not include a certification that it is an exempt entity under the Sales and Use Tax laws of the State of Ohio."

The Board of Tax Appeals found that the exemption certificate obtained by Jemo did not substantially conform to the form prescribed by the Tax Commissioner and concluded that the taxpayer was not exempt from the tax by virtue of the certificate.

R.C. 5739.03 provides for the use of exemption certificates and states that "the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax." R.C. 5739.03 further provides that "[t]he certificate shall be in such form as the tax commissioner by regulation prescribes. If no certificate is furnished or obtained within the period for filing the return for the period in which such sale is consummated, it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an

assessment, in which event the tax shall not apply."

The form provided by the commissioner, which was executed by Fairlawn Apartments and issued to Jemo, was that prescribed by the commissioner with the exception that the certification of Fairlawn Apartments was, in effect, disclaimed by the statement that Fairlawn Apartments did not certify that it was an exempt entity under the sales and use tax laws of Ohio, although the checking of the box on the form otherwise contained such certification.

R.C. 5717.04 prescribes the scope of appeal. This court is required to affirm a decision of the Board of Tax Appeals if it is reasonable and lawful, and to reverse and vacate or modify the decision only if it is unreasonable or unlawful.

The basic issue is whether the decision of the Board of Tax Appeals that the inserted language in the exemption certificate substantially changed the required certification of exemption by Fairlawn Apartments when a disclaimer of its exemption was added to the form was reasonable and lawful.

It was reasonable and lawful for the Board of Tax Appeals to find that the certification of Fairlawn Apartments of exemption from sales and use taxes did not substantially conform with that intended by statute and by rule of the Tax Commissioner. It was reasonable to conclude that the disclaimer language added by Fairlawn Apartments was not a mere surplusage, but that it, in effect, negated the certification otherwise contained on the form. It was reasonable for the board to conclude that, rather than providing a certification of exemption to Jemo, Fairlawn Apartments merely stated that, though they thought they were exempt, they are unwilling to unequivocally certify that they were.

The case of *Tractor Supply Co.* v. *Lindley* (1977), 50 Ohio St. 2d 275 [4 O.O.3d 442], is distinguishable. *Tractor Supply Co.* held that an exemption cer-

tificate was not invalid simply because its form varies from that prescribed by the Tax Commissioner as long as it contains the language requested on the prescribed form. This case involves a certificate that contains language that may be reasonably construed as expressly negating a certified exemption. As previously noted, even if a proper certificate was not obtained pursuant to R.C. 5739.03, a vendor or consumer (Jemo) has the right to establish that the sale was not subject to tax by proving the basis for exemption. There is no claim in this appeal that Jemo established that Fairlawn Apartments had a valid basis for exemption.

Jemo also contends that it should be excused from payment of the tax because it did not timely discover the language inserted by Fairlawn Apartments on the form and that it relied upon the exemption certificate in good faith after bidding upon the project based upon the representation of Fairlawn Apartments that it was a tax exempt entity.

R.C. Chapter 5739 contains no provision authorizing a good faith belief for non-payment of tax or for the allowance of a good faith exemption. Hence, regardless of whether Jemo should have determined that the certificate was not properly executed or that it proceeded in good faith, the decision of the Board of Tax Appeals was not unreasonable or unlawful.

Appellant's assignments of error are overruled and the judgment of the Board of Tax Appeals is affirmed.

*Judgment affirmed.*

MOYER, J., concurs.

WHITESIDE, P.J., dissents.

WHITESIDE, P.J., dissenting. The result reached by the Board of Tax Appeals ignores both the actual certification made and the statutory requirements for certification. The exemption certificate unequivocally certifies that:

"The undersigned hereby certifies that the articles of tangible personal property purchased under this certificate were purchased for incorporation into:

"* * *

"A building used exclusively for charitable purposes under a construction contract with a nonprofit organization operated exclusively for the relief of poverty, the improvement of health through the alleviation of illness, disease or injury, the operation of a home for the aged, as defined in Section 5701.13 of the Revised Code, the promotion of education by an institution of learning * * * or the promotion of education by an organization engaged in carrying on research * * *."

Added to the above certification of the factual circumstances was a disclaimer of intention to make the legal conclusion that the contractee "is a tax exempt entity." The exemption certificate form prescribed by the Tax Commissioner does not require a certification that the contractee is a tax exempt entity but, instead, requires only a factual certification as set forth, *supra.* The disclaimer of making the certification not required to be made in no way detracts from the certification actually made, which fully meets the statutory requirements and those of the prescribed form. The disclaimer of making the legal conclusion certification that it is a tax exempt entity in no way detracts from the factual certification made. There is no denial of being a tax exempt entity which might be inconsistent with factual certification. Rather, as required by statute and the prescribed form, Fairlawn Apartments certified that the materials involved were incorporated into a building used exclusively for charitable purposes under a construction contract with a nonprofit organization operated exclusively for the relief of poverty, the improvement of health or the operation of a home for the aged, as defined in R.C. 5701.13, but disclaimed certifying that such a nonprofit organization is a tax exempt entity.

The certification herein meets the test of *Tractor Supply Co.* v. *Lindley* (1977), 50 Ohio St. 2d 275 [4 O.O.3d 442], in that it "supplied all the data requested in the prescribed form, and that the commissioner was sufficiently apprised of the nature of the claim for exemption." *Id.* at 279. The addition of a disclaimer of making an additional certification not required to be made does not detract from the completeness of the certification executed on the prescribed form.

Accordingly, the decision of the Board of Tax Appeals is unreasonable and unlawful, and I would reverse.