CHEMETRON CORPORATION, APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLEE.

[Cite as Chemetron Corp. *v.* Limbach (1987), 32 Ohio St. 3d 296.]

(No. 86-749—Decided September 9, 1987.)

*Isaac, Brandt, Ledman & Becker* and *James H. Ledman,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark A. Engel,* for appellee.

*Per Curiam.* A vendor's duty in relation to the collection of sales taxes is set forth in R.C. 5739.03. This statute requires a vendor to act as a trustee for the state of Ohio by collecting all the taxes imposed by or pursuant to R.C. 5739.02, 5739.021, 5739.023 or 5739.026 from a purchasing consumer. However, if the purchase involves an item which is claimed to be exempt from sales and use taxation pursuant to R.C. 5739.01(E) or, with certain exceptions, R.C. 5739.02, the consumer may avoid the payment of such taxes by furnishing the vendor with a certificate of exemption which specifies the reason that the sale is not legally subject to the tax. The subject of the instant appeal concerns the degree of specificity which a consumer must exhibit when describing the statutory basis for the claimed exemption in order to create a valid certificate of exemption.

Appellee contends that the exemption language of the certificates in issue fails to adequately inform the Tax Commissioner of the nature of the claimed exemption. It is uncontested that all the certificates seek exemption pursuant to the statutory exemption set forth in R.C. 5739.01(E)(2). However, none of the certificates specifies whether the item purchased is to be used *directly* in the production of an item for sale by manufacturing, assembling, processing, or refining. Appellee contends that the "direct use" language of R.C. 5739.01(E)(2) is such a fundamental part of that statute that the failure to indicate that the use is *direct* on a certificate of exemption is fatal. In addition, two of the certificates do not state whether the item purchased is to be used to produce an item for sale. Again, this information is said to be necessary in order for the Tax Commissioner to properly determine whether the purchase is exempt pursuant to R.C. 5739.01(E)(2).

Appellee places great emphasis upon the fact that R.C. 5739.03 requires the purchasing consumer to *specify* the reason that the sale is not subject to the tax. The term "specify" is said to contemplate a precise or detailed explanation. In support of this construction, appellee cites this court's decision in *Queen City Valves, Inc.* v. *Peck* (1954), 161 Ohio St. 579, 583, 53 O.O. 430, 432, 120 N.E. 2d 310, 313,

wherein this court defined the term "specify," as used in R.C. 5717.02, to mean " 'to state in full and explicit terms; * * * to tell or state precisely or in detail.' "

In contrast, appellant argues that a certificate of exemption need only apprise the Tax Commissioner of the nature of the exemption in order to satisfy the requisites of R.C. 5739.03. Appellant relies primarily upon this court's decision in *Tractor Supply Co.* v. *Lindley* (1977), 50 Ohio St. 2d 275, 279, 4 O.O. 3d 442, 444, 364 N.E. 2d 31, 33, where this court upheld the validity of a unit certificate of exemption despite "minor differences between the reasons specified in Rule TX-11-03 and the language chosen by * * * [the taxpayer]." This decision was rendered after the General Assembly had amended R.C. 5739.03 by substituting the words "specifying the reason" for the word "indicating." The *Tractor Supply Co.* court concluded that R.C. 5739.03 did not require a verbatim restatement of the exemption statute in order to create a valid certificate. The court held that the true test of the adequacy of a certificate of exemption was whether the language was sufficient to apprise the Tax Commissioner of the nature of the claim for exemption. This test was subsequently reaffirmed in *Stotts-Friedman Co.* v. *Lindley* (1982), 69 Ohio St. 2d 348, 23 O.O. 3d 316, 432 N.E. 2d 202.

We find that the language of the certificates in issue satisfies this test. R.C. 5739.01(E)(2) exempts those items from taxation which may be shown to be used directly in the production of tangible personal property by "manufacturing, assembling, processing, or refining." A review of the contested certificates reveals an intent to utilize the purchased item in either a manufacturing, processing or production process. In addition, the cer-

tificates authored by Day-Glo Color Corp., Peter Stamping Co. and Ramsey Business Equipment, Inc. convey the fact that the items purchased are to be used in the creation of a product intended for sale. The fact that all the certificates neglect to use the term "directly" in describing the intended use of the purchased item or that two of the certificates fail to indicate that the purchased item is to be used in the creation of a product intended for sale does not necessarily invalidate the certificates. R.C. 5739.03 does not require the consumer to present a flawless certificate. All the certificate need do is to apprise the Tax Commissioner of the *nature* of the claim for exemption. While the stated basis for exemption on the certificates could have been more explicit, we find that the reasons provided are sufficient to apprise the Tax Commissioner of the intent to seek exemption under R.C. 5739.01(E)(2).

This conclusion is well supported by this court's decision in *Stotts-Friedman, supra,* wherein this court stated that there was no room for hypertechnicality in the evaluation of a completed exemption certificate. This posture was deemed necessary in light of the fact that certificates of exemption are usually executed by nonlawyers who are not trained in the interpretation of tax laws and rules. Moreover, the court noted that simplicity has never been a dominant factor of tax legislation.

Appellant next contends that the Tax Commissioner must consider "the circumstances of each transaction" when evaluating the sufficiency of a certificate of exemption. Appellant would have the Tax Commissioner take into consideration:

"* * * The nature of the commodity sold, the identity of the consumer and the nature of the consumer's business, all facts concerning the consumer which are publicly or generally

known and all facts concerning the consumer and its use of the commodity sold which the Tax Commissioner has learned from the tax returns filed by the consumer and prior sales and use tax audits of the consumer."

This contention is specifically directed at the certificate of exemption authored by TRW, Inc. Appellant states that the Tax Commissioner's office was well aware of how the purchased gases, oxygen and acetylene were used to produce a very hot flame to aid in the manufacture of valves. Appellant would impute this knowledge to the Tax Commissioner on the basis of past tax audits, "open house" tours of the facility, and previously filed tax returns which document the manufacturing process at the plant.

We find this contention without merit. Although this court did hold in *Tractor Supply Co., supra,* that the commissioner may take notice of the nature of the item purchased and a purchaser's business when considering the sufficiency of a certificate of exemption, there is no authority which requires the Tax Commissioner to consider facts about the consumer "generally known," or facts which may be ascertained from previous tax returns filed by the consumer. Such considerations place an unrealistic burden on the Tax Commissioner when auditing these types of certificates.

For the reasons set forth in this opinion, we find that the certificates of exemption in issue are sufficient to apprise the Tax Commissioner of the nature of the claimed exemptions, and hereby reverse the decision of the Board of Tax Appeals as being unreasonable and unlawful.

*Decision reversed.*

SWEENEY, LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., dissents with opinion.

DOUGLAS, J., dissents.

MOYER, C.J., dissenting. I respectfully dissent from the *per curiam* opinion. The General Assembly, when it amended R.C. 5739.01(E)(2), gave the Tax Commissioner and persons who would seek exemption, pursuant to the provisions of the statute, clear direction with respect to the requirements for receiving an exemption. The General Assembly has provided that a consumer purchasing taxable property from a vendor "* * * must furnish to the vendor, and the vendor must obtain from the consumer, a certificate *specifying the reason* that the sale is not legally subject to the tax. * * * The certificate shall be in such form as the tax commissioner by regulation prescribes." (Emphasis added.) R.C. 5739.03(B). Pursuant to the statute, the Tax Commissioner has prescribed a form that is required by Ohio Adm. Code 5703-9-03. It is significant that, when the General Assembly amended R.C. 5739.03, effective July 1, 1959, it deleted the word "indicating" and substituted the word "specifying."

The reason for the statute is not to create a hypertechnical hurdle which a consumer of personal property must overcome in order to cause the property to be exempt from retail sales taxes. As the majority acknowledges, the vendor in transactions under R.C. 5739.02 acts as a trustee for the Tax Commissioner in the collection of taxes. It is therefore not an unreasonable burden for the vendor to require the consumer of its products to specify, on the form provided by the Tax Commissioner, with some degree of accuracy a reason that the sale is not subject to the tax. Nor is it unreasonable to require the consumer seeking an exemption from the tax to state that the property purchased will be

used directly in the production of an item of property that is being manufactured, assembled, processed or refined for sale. It is clear to me that when the General Assembly instructed the Tax Commissioner to require consumers to specify the reason that a sale is not subject to tax, it intended that the consumer do more than just make a conclusory statement that does not even refer to the reasons for which an exemption may be granted.