COLUMBUS EQUIPMENT COMPANY, APPELLEE, *v.* LIMBACH, TAX COMMR., APPELLANT.

[Cite as Columbus Equipment Co. *v.* Limbach (1988), 38 Ohio St. 3d 62.]

(No. 87-716—Submitted May 10, 1988—Decided July 20, 1988.)

*Brouse & McDowell, Linda B. Kersker* and *David F. Raynor,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *James C. Sauer,* for appellant.

*Per Curiam.* The commissioner argues that the interest amounts collected from the lessees are part of the "price" of the retail sale and taxable, regardless of the name taxpayer gives them. Taxpayer responds that these amounts were the cost of borrowing money with which the lessee was able to purchase the property and were not part of the "price."

R.C. 5739.02 levies a tax on retail sales and this tax is measured by the "price" of the sale. R.C. 5739.01(H) defines "price" as:

"* * * [T]he aggregate value in money of anything paid or delivered, or promised to be paid or delivered, in the complete performance of a retail sale, without any deduction on account of the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid or allowed after the sale is consummated, or any other expense. * * *"

The BTA adopted the interpretation of this definition set forth in *Columbia Gas of Ohio, Inc.* v. *Lindley* (Feb. 10, 1981), Franklin App. Nos. 79AP-879 through 79AP-882, unreported. In that case, the court recognized the distinction between the "price" of a sale and the interest paid for the use of money to purchase the item sold. The court ruled that an interest charge is not taxable. Prior decisions of this court further hold that not all sums paid in a transaction are part of the "price." *E.g., Grabler Mfg. Co.* v. *Kosydar* (1973), 35 Ohio St. 2d 23, 64 O.O. 2d 14, 298 N.E. 2d 590.

This court described "interest" in *Fulton* v. *B.R. Baker-Toledo Co.* (1934), 128 Ohio St. 226, 228, 190 N.E. 459, 460-461, as "* * * [a] compensation paid for the use of money. It may be compensation allowed by law or fixed by the parties." See, also, Black's Law Dictionary (5 Ed. 1979) 729.

Interest is the agreed compensation that a borrower pays to a lender. It is the cost of borrowing money so that a person will have the money to purchase the item. Interest is not a part of the item's price because it is not related to the cost of the property sold or materials used. R.C. 5739.01(H).

In the instant case, taxpayer and its customers agreed that the lease payment would include interest. At the time of purchase, the total paid-in rent, which included the interest and principal payments, was deducted from the "total delivered price." Taxpayer then computed the total interest that it had charged and added it back to the purchase price. When taxpayer did this, it was not adding compensation to the purchase price, but was retaining the interest that the parties had agreed was due on and paid with the lease payments. Taxpayer received the interest

only once, when the lease payment was made.

Since the BTA's decision is reasonable and lawful, it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT and H. BROWN, JJ., concur.

LOCHER and DOUGLAS, JJ., dissent.

LOCHER, J., dissenting. I cannot agree that the alleged "interest" charges collected from the customers of appellee that exercise their option to purchase should not be taxable. Therefore, I respectfully dissent.

There is a clear distinction among a normal purchase with financing, a general leasing arrangement and a leasing arrangement with the option to purchase. I would agree that where financing is provided in a normal purchase installment plan, the financing charges or interest would not be a part of the price for state tax purposes. That is simply a charge for the use of money. However, in a general leasing transaction, a lessee pays no interest because there is generally no amount financed or loan made.

Under this unique procedure employed by appellee, it collects "interest" charges on past rental payments made by lessees that exercise their option to purchase despite the fact that during the rental period no amount is financed and no loan is made. How can there be any interest charged on these rental payments? As appellee's witness admitted, if a lessee never decides to purchase the equipment, it never pays any interest.

Prior to the decision to exercise the option to purchase, a lessee that does exercise the option stands in the same shoes as a lessee that never decides to purchase the equipment. Lessees are charged *only* in the event the option to purchase is exercised. This added "charge" at the time of the sale should be included as part of the "price" and be subject to taxation.

Appellee cites *Columbia Gas of Ohio, Inc.* v. *Lindley* (Feb. 10, 1981), Franklin App. Nos. 79AP-879 through 79AP-882, unreported, which the BTA relied upon in support of its decision in the instant action. In that case, the court relied on the fact that the "interest" charge was part of a service charge which was required to be paid during the term of the lease for *the use of money*. The charges in the cause *sub judice* are in no way related to the use of money. It is merely a charge which is required to be paid when a lessee exercises its option to purchase the leased equipment. Simply identifying a charge as interest is not enough. An interest charge should, in fact, be an interest charge. The majority overlooks the fact that labels can be misleading.

I find these charges to be taxable under R.C. 5739.01(H) as part of the price of the equipment sold. The decision of the BTA should be reversed as unreasonable and unlawful.

DOUGLAS, J., concurs in the foregoing dissenting opinion.