BARRY EQUIPMENT COMPANY, APPELLEE AND CROSS-APPELLANT, *v.* LIMBACH, TAX COMMR., APPELLANT AND CROSS-APPELLEE.

[Cite as Barry Equipment Co. *v.* Limbach (1988), 40 Ohio St. 3d 119.]

(No. 87-1745—Submitted October 5, 1988—Decided December 21, 1988.)

*Baker & Hostetler, Daniel G. Hale* and *Edward Bernert,* for appellee and cross-appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark A. Engel,* for appellant and cross-appellee.

*Per Curiam.* The commissioner contends that pursuant to R.C. 5739.01(H), an itemized charge labeled as "interest," which a consumer agrees to pay when it exercises an option to purchase leased tangible personal property, is part of the "price" upon which the sales tax is based.

In the recent case *Columbus Equipment Co.* v. *Limbach* (1988), 38 Ohio St. 3d 62, 526 N.E. 2d 294, the identical argument raised by the commissioner in the cause *sub judice* was argued therein. In *Columbus Equipment,* we held that the charges labeled as interest in the context of the exercise of an option to purchase leased equipment were related to the financing of the purchase, and were therefore not part of the taxable price.

Counsel for the commissioner, however, contended in oral argument that our decision in *Columbus Equipment* is distinguishable from the case at bar because of the "winter interest" charged by Barry as well as a different set of facts.

In our view, the facts set forth herein are substantially similar to the facts established in *Columbus Equipment,* so that any distinguishing features discernible between that cause and the instant cause are, at best, negligible. In addition, we find that the "winter interest" charges by Barry clearly reflect the agreed interest, and that such interest is not part of the "price," as defined under R.C. 5739.01(H),[1] because the facts indicate that such interest reflects the cost for the use of the money to purchase, by lease, the particular item of equipment. While the facts in *Columbus Equipment, supra,* did not indicate a specific "winter interest" type of charge, we find that the true essence

---

[1] This statutory section defines "price" as:

"* * * [T]he aggregate value in money of anything paid or delivered, or promised to be paid or delivered, in the complete performance of a retail sale, without any deduction on account of the cost of the property sold, cost of materials used, labor or service cost, interest or discount paid or allowed after the sale is consummated, or any other expense. * * *"

of the winter interest charge when the option to purchase is exercised is for the use of money and the charge is therefore not part of the purchase price under R.C. 5739.01. For these reasons, consistent with our decision in *Columbus Equipment, supra,* we affirm the decision of the BTA.

Turning our focus to the issue presented on cross-appeal, Barry, as cross-appellant, argues that the letters of usage and the exemption certificate were proper, thus excepting it from collecting sales tax on the transactions related thereto.

The record reveals that in the E. C. McPherson letter of usage, two uses were listed: that the equipment was used to load coal from the tipple of Horizon Coal Corp.; and that it was used to load coal at McPherson's strip mine. In the Invesco of Ohio letter of usage, Invesco stated that its purchases were for use or consumption directly in the production of personal property for sale by mining. In the Wills Trucking, Inc. exemption certificate, Wills placed its name in the space provided for the effective date of the certificate, but did not otherwise indicate an effective date.

R.C. 5739.03 requires the vendor to collect sales tax from the consumer or obtain an exemption certificate that delineates the reasons why the sale is not subject to the sales tax. The statute further provides in relevant part:

"* * * The certificate shall be in such form as the tax commissioner by regulation prescribes. If no certificate is furnished or obtained within the period for filing the return for the period in which such sale is consummated, it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within six-

ty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply. * * *"

Letters of usage are typically solicited in this sixty-day period. Exemption certificates or other equivalent verification that are procured within the sixty days do not solely overcome the presumption of taxability. *Union Metal Mfg. Co.* v. *Kosydar* (1974), 38 Ohio St. 2d 53, 67 O.O. 2d 72, 310 N.E. 2d 249, paragraph two of the syllabus.

Barry contends that the McPherson letter describes excepted uses in coal mining and in the rendition of a public utility service. The commissioner counters that since no further processing occurs after the tipple, with respect to the use in coal mining, the stated use is not an excepted one. In addition, the commissioner argues that the loading of coal is not necessarily the performance of a public utility service because private contract haulers, which may be the nature of the customer's loading here, are not rendering a public utility service. In any event, the commissioner asserts that the McPherson letter of usage does not describe a use that overcomes the presumption of taxability.

As this court noted in *American Handling Equipment Co.* v. *Kosydar* (1975), 42 Ohio St. 2d 150, 153, 71 O.O. 2d 120, 122, 326 N.E. 2d 660, 662:

"The duty imposed upon a taxpayer who neglects to obtain exemption certificates is clear; 60 days is provided, from the notice of intention to levy an assessment, to overcome the presumption that the tax applies. * * *"

Given the presumption of taxability, a taxpayer has the burden of establishing the applicability of an exemption. A careful review of the record herein indicates that Barry has

122

not overcome the presumption of taxability in the case of the McPherson letter of usage.

The same conclusion is warranted with respect to the Invesco letter of usage. In that letter, the exception relied upon was merely recited; it did not describe the use of the equipment. As we observed in *Union Metal, supra,* such bare statements are insufficient to overcome the presumption of taxability.

With respect to the Wills Trucking exemption certificate, we have noted that the certificate form listed no effective date. In our view, the certificate was deficient in light of R.C. 5739.03 because it was not completed in the form prescribed by the Tax Commissioner. In *Stotts-Friedman Co.* v. *Lindley* (1982), 69 Ohio St. 2d 348, 23 O.O. 3d 316, 432 N.E. 2d 202, this court affirmed the BTA's rejection of certificates that, *inter alia,* included improper dates and blank spaces. Since the Wills Trucking certificate failed to sufficiently apprise the commissioner of the nature and timing of the claims for exemption, the commissioner was correct in rejecting such request for exemption. Cf. *Chemetron Corp.* v. *Limbach* (1987), 32 Ohio St. 3d 296, 513 N.E. 2d 321.

Accordingly, since the BTA's decision is reasonable and lawful under the facts, it is hereby affirmed.

*Decision affirmed.*

MOYER, C.J., SWEENEY, HOLMES and WRIGHT, JJ., concur.

LOCHER, DOUGLAS and H. BROWN, JJ., concur in part and dissent in part.

DOUGLAS, J., concurring in part and dissenting in part. For the reasons stated in Justice Locher's well-reasoned dissent, in which I concurred, in *Columbus Equipment Co.* v. *Limbach* (1988), 38 Ohio St. 3d 62, 526 N.E. 2d 294, I would in this case reverse the decision of the BTA on the appeal. I would affirm the decision of the BTA on the cross-appeal.

LOCHER, J., concurs in the foregoing opinion.

H. BROWN, J., concurring in part and dissenting in part. I agree with the majority's decision to affirm the BTA's finding that the taxpayer failed to establish the applicability of an exemption pursuant to R.C. 5739.03.

However, I would reverse the decision of the BTA on the taxation of "interest" issue. The interest charges collected by the taxpayer do not reflect the cost of the use of money borrowed. The amount of "interest" bears no relationship to the outstanding balance of the amount of money borrowed. The facts in *Columbus Equipment Co.* v. *Limbach* (1988), 38 Ohio St. 3d 62, 526 N.E. 2d 294, are distinguishable. Therefore, I would reverse the BTA and allow the commissioner to assess sales tax on the so-called interest charges.