OPINION *Page 2 
{¶ 1} Defendant-appellant Rebecca Burns appeals various entries of the Licking County Court of Common Pleas in favor of Plaintiff-Gordon Proctor, Director, Ohio Department of Transportation.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On October 17, 2005, the Ohio Department of Transportation (hereinafter "ODOT") filed an action to appropriate a portion of property owned by Appellant Rebecca Burns for the purpose of constructing and improving S.R. 161 in Licking County, Ohio. ODOT sought to appropriate .039 acres of Appellant's 9.947 acres.
 {¶ 3} The Director of ODOT, Gordon Proctor, made Resolution and Findings relative to the fair market value of the property, finding $5,198.00 to be the fair market value of the property, and the rights, titles and interests therein, together with any damages to the residue thereof. The findings were based on an appraisal by Bruce D. Burriss on January 27, 2005. Burriss' appraisal states there were damages to Appellant's land "resulting from a reduction in commercial potential because the site is more residentially oriented on a township road cul-de-sac in the after rather than on a heavily traveled state route in the before."
 {¶ 4} On July 31, 2006, eight days prior to trial, ODOT filed a motion in limine requesting no evidence be admitted to inform the jury that Appellant is entitled to damages to the residue resulting from the construction or relocation of S.R. 161. The trial court granted the motion.
 {¶ 5} Following the trial court's granting of the motion in limine, the parties agreed to stipulate to the amount of compensation due for the taking and agreed to try *Page 3 
the only remaining issue, damages to the residue, to the court by proffer and to waive the presentation of live testimony. Burriss' appraisal was introduced at trial.
 {¶ 6} A trial commenced on September 11, 2006. On August 27, 2007, the trial court entered judgment in favor of ODOT, concluding damage to the residue is noncompensable in this case as a matter of law. On September 18, 2007, the trial court amended its judgment to provide it was a final appealable order.
 {¶ 7} Appellant now appeals, assigning as sole error:
 {¶ 8} "I. THE TRIAL COURT COMMITTED ERROR, AS A MATTER OF LAW, IN FINDING THAT THERE WAS NO DAMAGE TO APPELLANT'S PROPERTY RESULTING FROM ODOT'S TAKE IN THIS CASE."
 {¶ 9} Appellant argues the trial court erred in finding there was no damage to the property as a result of ODOT's taking. Appellant asserts ODOT is bound by its own admission of damages to the residue as set forth in the findings of the Director concluding the residue of the property has been damaged. We disagree.
 {¶ 10} The Appellee's motion in limine sought to exclude evidence of damage to the residue resulting from change in access, modification of the State Route into a cul-de-sac, loss of exposure and visibility of traffic flow, and increased dirt, noise and pollution. The initial appraisal, prepared prior to filing the petition to appropriate, contained damages attributed to converting the State Route into a cul-de-sac and loss of heavy traffic past the property.
 {¶ 11} Appellant obtained the appraisal of Robert Weiler, opining a total estimated fair market value of $94,725.00, allocated between the value of the land and *Page 4 
improvements in the amount of $12,636 and damages to the residue in the amount of $81,639.
 {¶ 12} The motion in limine sought to exclude Weiler's opinion on damage to the residue. At the same time, ODOT informed the trial court its own expert, Burriss, would not be testifying as to damage to the residue.
 {¶ 13} We find ODOT was not required to amend its Resolution and Findings or the original appraisal. ODOT did not seek to change the size, extent or nature of the taking. Rather, ODOT requested any evidence introduced at trial conform to principals regarding compensability.
 {¶ 14} The Ohio Supreme Court held in Richley, Director of ODOT v.Jones (1974), 38 Ohio St.3d 64 "any damages that might result from the doing of a lawful act are noncompensable." Ohio Jury Instructions and eminent domain law are consistent in holding the presence of the project is not to be considered in determining if there are damages to the residue. Ohio law states ODOT is responsible only for substantial or unreasonable interference with a property right. State ex. re.l Merrittv. Linsell, Director of ODOT (1955), 163 Ohio St. 97.
 {¶ 15} Accordingly, we hold the trial court did not err in finding the law provides Appellant is not entitled to introduce evidence suggesting Appellant is entitled to damages to the residue resulting form ODOT's construction of a cul-de-sac, changes in access to and from State Route 161, loss of traffic volume, increased noise, dirt and vibration, and loss of exposure and visibility.
 {¶ 16} Appellant's sole assignment of error is overruled. *Page 5 
 {¶ 17} The September 18, 2007 Judgment Entry of the Licking County Court of Common Pleas is affirmed, and the matter is hereby remanded to the trial court to enter any further orders necessary to effectuate the appropriation.
 Hoffman, P.J., Farmer, J., and Delaney, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the September 18, 2007 Judgment Entry of the Licking County Court of Common Pleas is affirmed, and the matter is hereby remanded to the trial court for further proceedings in accordance with the law and our opinion. *Page 1